[No. 11298. Department Two. January 24, 1914.]

## B. L. BARKLEY, *Appellant*, v. JOHN B. KERFOOT *et al.*, *Respondents.*[1]

GARNISHMENT — LIABILITY OF GARNISHEE — CONTINGENT OR UNMATURED DEBTS—RENTS TO FALL DUE. Where rent under a written lease has been paid to a judgment debtor for the current month in advance, the tenant cannot be held as a garnishee for installments of rent falling due after service of the garnishee process, under Rem. & Bal. Code, § 693, providing that a garnishee may be held if indebted to the principal defendant and such indebtedness has not matured and is not yet due and payable, the same to be paid into court when due; since this only covers indebtedness existing at the time of the garnishment, and a covenant to pay future installments of rent is too uncertain and contingent to be a present absolute indebtedness within the meaning of the statute.

Appeal from a judgment of the superior court for Franklin county, Holcomb, J., entered January 17, 1913, discharging a garnishee, after a hearing before the court. Affirmed.

*Charles W. Johnson*, for appellant.

*Gerard Ryzek*, for respondents.

[1]Reported in 137 Pac. 1046.

MORRIS, J.—Appellant, having obtained a judgment against Kerfoot, garnisheed respondent Pinckney, who was a tenant of Kerfoot's under a written lease with rent payable monthly in advance. The rent for the current month having been paid at the time of the issuance and service of the garnishment, the garnishee was discharged, and Barkley appeals, contending that the garnishee should be held under the writ for future installments of rent to become due under the lease.

We cannot so hold. The general rule is that a creditor can obtain no greater relief against a garnishee than exists in favor of the debtor. It follows that, if there is no present indebtedness from the garnishee to the debtor, there is nothing upon which the writ can operate, except in so far as some statutory provision would establish a contrary rule. *Eureka Sandstone Co. v. Pierce County,* 8 Wash. 236, 35. Pac. 1081; *Marx v. Parker,* 9 Wash. 473, 37 Pac. 675, 43 Am. St. 849; *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238.

Appellant contends we have such a provision in Rem. & Bal. Code, § 693 (P. C. 81 § 503) providing that "if it shall appear from the trial hereinafter provided for, that the garnishee is indebted to the principal defendant in any sum, but that such indebtedness has not matured and is not due and payable, the court shall make an order requiring the garnishee to pay such sum into court when the same becomes due." This provision plainly covers cases where the indebtedness has been created and exists at the time of the garnishment, but the time of payment has been extended to some future time or, as the courts sometimes put it, *debitum in praesenti, solvendum in futuro.* The covenant to pay rent at a stated future time creates no existing legal demand for the rent nor present indebtedness until the stipulated time has arrived. Such a covenant creates not an absolute, but a contingent liability, as causes may arise which may destroy the liability.

"The rent may *never* become due. The lessee may quit the premises with the consent of the lessor; or he may assign over his term with such consent, so as to discharge himself from rent; (b) or he may be evicted by a title paramount to that of his lessor; in either of which cases he will be discharged from the operation of his covenants." *Wood v. Partridge*, 11 Mass. 488.

It therefore seems to us quite clear that the covenant to pay future installments of rent, as they become due and fixed under a lease, is too uncertain and contingent to be regarded as an absolute, present, but not matured indebtedness, within the meaning of our statute; and the great weight of authority supports this rule. *Haffey v. Miller*, 6 Gratt. (Va.) 454; *Thorp v. Preston*, 42 Mich. 511, 4 N. W. 227; *Ordway Bros. & Co. v. Remington*, 12 R. I. 319, 34 Am. Rep. 646; *Buxbaum & Co. v. Dunham*, 51 Ill. App. 240.

Appellant cites us to *Sallaske v. Fletcher*, 73 Wash. 593, 132 Pac. 648, where it was held that a husband's contingent liability upon a lease upon which no rent was due at the time, was an "existing equity," within Rem. & Bal. Code, § 8766 (P. C. 95 § 47), providing that gifts or conveyances of community property between husband and wife are valid except as to existing equities in favor of creditors. "Existing equities," as there treated, embrace both existing and contingent liabilities, and the opinion makes a clear distinction between existing debts and existing equities. The case before us presents no question of "existing equities" under the cited statute, and the case is in no wise applicable to any question here involved.

The judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.