[No. 16397.  Department One.  September 13, 1921.]

IDA AUSTIN, *Appellant,* v. W. C. WALLACE, *Defendant,*
FARMERS' MARKET, *Respondent.*[1]

ASSIGNMENTS (23)—SET-OFF AND COUNTERCLAIM (16)—ASSIGNED CLAIMS—LIABILITIES OF ASSIGNOR TO THIRD PERSONS. Under Rem. Code, § 191, providing that any debtor may plead a set-off against an assignee, if held by him against the original owner, a corporation to whom a debtor had loaned money less than the amount of his debt may credit the amount of the loan and offset the debt against a garnishment notwithstanding the bank's claim had been assigned to a third person for collection.

GARNISHMENT (32-1) — EXTENT OF LIABILITY OF GARNISHEE. A garnishor can acquire by the garnishment no greater rights in property than the debtor had at the time of garnishment.

ASSIGNMENTS (24) — EQUITIES AND DEFENSES BETWEEN PARTIES — ESTOPPEL. The rule that, after assignment of a non-negotiable chose in action, the assignor has no right to collect the chose, and if he does so, the money will be held as a trust fund belonging to the assignee, has no application except as between assignor and assignee.

GARNISHMENT (15-1)—PROPERTY ASSIGNED FOR COLLECTION. A fund collected by an assignor after assignment thereof to a third person for the purposes of collection, cannot be garnished as the property

[1]Reported in 200 Pac. 566.

of the assignor, where the assignor was entitled to offset the amount and was not in fact indebted to the judgment debtor.

ABATEMENT AND REVIVAL (2) — GARNISHMENT (38) — ANOTHER ACTION PENDING—NATURE OF ACTION. The defense of another action pending, under Rem. & Bal. Code, §§ 259, 261, providing that an item of account already the basis of a pending suit cannot be interposed as a set-off or counterclaim in another action is not available in the case of a garnishee defendant brought into court to show its indebtedness to defendant; hence such garnishee, though it has an action pending against the principal defendant on the claim for which it is garnished, may set up the payment of such claim as a defense.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered November 30, 1920, upon findings in favor of the garnishee defendant, after a trial to the court on the merits. Affirmed.

*Louis A. Dyar,* for appellant.
*King & Kerr,* for respondent.

HOLCOMB, J.—This case involves the liability of a garnishee defendant. In the original action, Ida Austin, as plaintiff, against W. C. Wallace, as defendant, who was the former manager and a stockholder of the Farmers' Market, a corporation, sought to recover the sum of $301.35. A writ of garnishment was sued out against the Farmers' Market, a corporation. It answered, admitting that the defendant Wallace was the owner of certain shares of stock in the company, and alleged further that, at the time the writ was served, to wit, July 23, 1920, it was not indebted to Wallace in any sum whatsoever. The answer of the garnishee defendant was controverted by the plaintiff, who alleged on information that the garnishee defendant was in fact indebted to the defendant in the sum of $1,000 and interest, according to the terms of a promissory note. A trial being had on the issues so formed, the trial court discharged the garnishee defendant as not indebted to the defendant Wallace.

Wallace had, for some time prior to June 23, 1920, been the manager of the Farmers' Market, and during that time had a personal account on the books of the market. He also apparently misappropriated money and chattels of the company. On April 1, 1920, the Farmers' Market borrowed from Wallace $1,000 and gave him its note therefor, payable June 1, 1920. The stated account between respondent and Wallace was agreed between the parties hereto by the following stipulation:

"It is hereby stipulated for the purposes of this case only that the following is a true statement of the account of the said W. C. Wallace with the said Farmers' Market at the date of the service of the writ of garnishment herein upon the said Farmers' Market:

| | | |
|---|---:|---:|
| Balance Dec. 31, 1919, $143.20............... | $143 | 20 |
| Jan., 1920, groceries from Govan Branch.. | 11 | 10 |
| June 17, 1920, one dog.................. | 10 | 00 |
| June 23, 1920, check to "J. F. Hopkins" cashed by Austin.................... | 350 | 00 |
| June 23, 1920, cash taken from company's safe ............................... | 825 | 00 |
| June 30, 1920, sundry cash taken during June ............................... | 73 | 00 |
| July 12, 1920, cash debit, ticket in till.... | 20 | 00 |
| July 12, 1920, balance due from Charles Watson ............................. | 9 | 67 |
| Total debits......................... | $1,941 | 97 |

Credits.

| | | |
|---|---:|---:|
| June 30, 1920, salary June 1 to 25........ | $110 | 00 |
| July 3, 1920, refund by Austin for proceeds irregular "J. F. Hopkins" check....... | 350 | 00 |
| July 12, 1920, cancellation of Wallace loan to Company........................ | 1,000 | 00 |
| Total Credits......................... | $1,460 | 00 |

Balance due from W. C. Wallace:

| | | |
|---|---:|---:|
| July 12, 1920........................... | $481 | 97 |

"That in addition to said account there was at that time owing to Farmers' Market from said W. C. Wallace, the following items, being for merchandise of said Farmers' Market appropriated by said Wallace. . . . Total $264.40.

"That said Ida Austin reserves the right to challenge the legal effect of the assignment of Farmers' Market to John A. Williams, as it may pertain to the foregoing items, or to the suit of the Farmers' Market vs. Ida Austin. And to challenge said account by reason of any item therein being included in suit against Ida Austin."

On July 1, 1920, respondent assigned its claims and demands against Wallace to J. A. Williams for collection only. According to the agreed statement of account, a credit of $1,000 in cancellation of the Wallace note by the company was entered upon its books July 12, eleven days before the service of the writ of garnishment in this case upon respondent.

Appellant seeks to hold the garnishee defendant upon the theory that respondent was not entitled to credit the amount of the note and interest as payment upon the account subsequent to the date of assignment by respondent of its balance of account against Wallace to Williams.

It is clear that if respondent had the right to credit the amount of the Wallace note of $1,000 against the amount due from Wallace to it, after the assignment by respondent to Williams, then respondent was not indebted to Wallace at the time of the service of the writ of garnishment.

Section 191, Rem. 1915 Code (P.C. §8272), provides:

"Any assignee or assignees of any judgment bond, specialty, book account, or other chose in action for the payment of money by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action

or actions in his or her name, against the obligor or obligors, debtor or debtors, therein named, notwithstanding the assignor may have an interest in the thing assigned: *Provided,* That any debtor may plead in defense a counterclaim or an offset, if held by him against the original owner, against the debt assigned, etc.  . . ."

Under the statute, there is no doubt that, had Williams, the assignee of respondent, brought suit for collection against Wallace of the amounts claimed to be due respondent, Wallace would have had the right to offset his $1,000 note and interest, and that would have been a *pro tanto* defense to the amount thereof against Williams as assignee of respondent.

It is the general rule that the assignee of a nonnegotiable chose in action normally takes it subject to all equities and defenses which could have been set up against it in the hands of the assignor at the time of the assignment.  2 R. C. L. § 39, p. 629.  Furthermore, the garnishor can acquire by its garnishment no greater rights in property than the debtor had at the time of the garnishment.

Appellant relies on the rule of estoppel, citing 5 C. J. p. 967, to the effect that, as against the assignor in general, the assignee becomes the owner of the chose from the time of the assignment, subject to the qualifications heretofore stated.  That the assignor has no right to collect the chose, nor in any way to discharge the debtor therefrom, nor to modify the chose as by an extension of time to the debtor.  That if, therefore, the assignor does collect the chose, the moneys in his hands arising therefrom will be held as a trust fund belonging to the assignee.  That rule has no application except as between the assignor and the assignee.

Under the facts as shown by the stipulated account

in this case, there can be no doubt that the garnishee defendant was not indebted to Wallace when the writ of garnishment was served on it. On the other hand, Wallace was indebted to it.

Appellant also contends that any item or cause of action already the basis of a pending suit cannot be used as a set-off or counterclaim, citing Rem. & Bal. Code, §§ 259 and 261 (P.C. §§ 8346, 8348), and claims that, since the garnishee defendant had already brought an action against Wallace to recover the entire sum of $1,345, not crediting the Wallace $1,000 note and interest, and another against this plaintiff to recover the proceeds of a $500 check, it had no right to set up the amount of the note and interest in this suit. *Caine v. Seattle & Northern R. Co.*, 12 Wash. 596, 41 Pac. 904, is cited by appellant as conclusive. In that case it was held that the statute giving the defendant the right by demurrer or answer to raise the defense that there is another action pending against the same parties for the same cause, an objection may be interposed by the plaintiff to a counterclaim set up by the defendant, inasmuch as in such pleading the plaintiff occupies the position of defendant. That case does not apply to this situation. In this case the garnishee defendant is not the defendant, and it is brought into court to show whether it is indebted to the defendant. It has not by its answer caused a multiplicity of actions. It is setting up an account wherein it is shown that, instead of its being indebted to Wallace, Wallace is indebted to it, and it is, therefore, not subject to garnishment. It is no concern of appellant in this case whether respondent is attempting to recover more than it is entitled to in its action against Wallace. It is to be presumed that the facts will be shown to the trial court before judgment is entered in the other actions, and that no

more than respondent is entitled to will be awarded to it.

We find no error, and the judgment of the trial court is affirmed.

PARKER, C. J., FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.