[No. 20710. Department One. November 29, 1927.]

FRED W. LANDAKER et al., Respondents, v. A. ANDERSON, Defendant, OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Appellant.[1]

[1] INSURANCE (122)—LIABILITY FOR DAMAGES INCURRED—"INDEMNITY" OR "LIABILITY" POLICY. An indemnity company's auto insurance policy, insuring against damages through the ownership or operation of an automobile, was intended as a "liability," and not an "indemnity" policy, rendering the company immediately liable to the insured, upon recovery of a judgment against him in an action defended by the company, where the company agreed "to pay and satisfy judgments finally establishing assured's liability in actions defended by the company.".

[2] GARNISHMENT (12-1)—PERSONS AND PROPERTY SUBJECT—INSTRUMENTS FOR SECURITY OF PAYMENT OF MONEY—"LIABILITY"—POLICY OF INSURANCE. An insurance company, unsuccessfully defending an action against the insured, is "indebted" to the insured, and therefore subject to garnishment, immediately on recovery of the judgment against the insured, where the policy was a "liability" policy, in which the insured agreed to pay and satisfy the judgment; and it is immaterial whether the insured was a common carrier or a private owner of the car.

[3] SAME (4)—GROUNDS—EXISTENCE OR RESORT TO OTHER REMEDY—INSOLVENCY OF DEBTOR. The statute does not make proof of insolvency of the debtor a prerequisite to a garnishment.

[4] ESTOPPEL (32)—GROUNDS—CLAIM OR POSITION IN JUDICIAL PROCEEDINGS. Where an insurance company defended an action against an insured in a "liability" policy, and interposed one defense without offering any other, it cannot contest a garnishment on the ground that it was thereby deprived of defenses it might have in a suit on the liability.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered January 25, 1927, upon findings against a garnishee, after a trial on the merits to the court. Affirmed.

*Charles E. Swan,* for appellant.

*P. D. Smith* and *Chas. A. Johnson,* for respondents.

[1]Reported in 261 Pac. 388.

TOLMAN, J.—This is a garnishment proceeding, based upon a judgment entered in favor of respondents and against the principal defendant, in an action to recover for personal injuries inflicted by an automobile operated by the defendant. The original action was defended on behalf of the defendants therein by the insurer, whose attorney alone appeared and defended the action up to the time of the entry of the judgment. After judgment, a demand was made by the defendant Anderson upon the insurer to satisfy the judgment in accordance with the terms of the policy, which demand was not complied with.

Thereafter, the judgment creditor caused a writ of garnishment to be issued and served upon the appellant and it answered thereto, denying any indebtedness from it to Anderson or the possession of any property or effects belonging to Anderson. This answer was controverted by affidavit, setting up the issuance of a liability policy by the garnishee prior to the accident, with sufficient facts to indicate that an indebtedness had accrued thereon. The issue thus formed was tried to the court, resulting in a judgment against the garnishee, in an amount sufficient to cover the original judgment, with interest and costs. The garnishee has appealed.

The policy in question provides:

"To Insure the Assured against loss from the liability imposed by law upon the Assured for damages, on account of bodily injuries, including death at any time resulting therefrom whether instantaneous or not, accidentally suffered, or alleged to have been suffered by any person or persons (except as provided in Condition B hereof) as a result of the ownership, maintenance or use, for the purposes described in Declaration 6, of any automobile described in Declaration 8, and to pay and satisfy judgments finally establishing

LANDAKER v. ANDERSON.

Assured's liability in actions defended by the Company, all subject to the limits expressed in Paragraph 10 of the Declarations; . . ."

The other provisions of the policy referred to in the portion quoted have no effect here.

[1] The case of *Fenton v. Poston,* 114 Wash. 217, 195 Pac. 31, is absolutely controlling upon the main question here presented. In fact, by reason of the undertaking to pay and satisfy the judgments establishing the liability of the insured in actions defended by the insurer, this policy is very much more clearly a liability, and not an indemnity, policy. We are invited to overrule the *Fenton* case; but being well satisfied with the rule there announced, we must decline to do so.

[2] Appellant seems further to contend that the *Fenton* case should be restricted so as to apply only in those instances where automobiles are operated as common carriers or for hire. The controlling question is, and must be, whether the policy is one of liability or one of indemnity, and it can make no difference whether the automobile covered by the policy is used to transfer the public generally or is purely in the personal service of the owner. To support a writ of garnishment, the garnishee must be indebted to the principal debtor. If the policy is a liability policy, then such indebtedness exists as soon as liability is established, and may be reached by garnishment as any other credit belonging to the judgment debtor. If, on the other hand, the policy be one of indemnity, the judgment debtor must first pay the judgment before he is entitled to maintain an action on the policy, and there is no indebtedness due him until he has paid the judgment; consequently, garnishment cannot lie in favor of a judgment creditor, since his claim must be satisfied before there is anything due on the policy.

[3] Appellant seems to suggest that there should be proof of the insolvency of the judgment debtor before garnishment can be maintained; but garnishment is a statutory proceeding, and we find no provision in our statutes to that effect.

[4] It is also suggested that, in some way, by the garnishment, appellant has been deprived of some defense which might have been interposed, if the insured had brought an action on the policy. We find nothing in the record to support that position. Appellant did interpose one such defense, which the trial court found was not supported by the evidence (in which finding we concur), and there is nothing to indicate that appellant sought to offer any other.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.