J. C. Mahan Motor Co. *v.* Lyle.

(*Nashville,* December Term, 1933.)

Opinion filed Jan. 31, 1934.

Bowen & Bowen and Chas. D. Snepp, all of Knoxville, for intervening petitioner National Surety Co.

Geo. S. Child, of Knoxville, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

A contract was awarded Lyle by the city of Knoxville. on July 21, 1932, to furnish all labor and materials and paint a school building, under which Lyle was to be paid for the work $1,396. The contractor was required, not only to do the work properly, but to save the city harmless from the results of any negligence of the contractor, his agents or employees, and this specific provision was incorporated in the contract:

"All bills for labor, material and supplies shall be promptly paid by the contractor, and in event of failure so to do, the City may, at its election, withhold the retainage, or any estimate or part thereof, and apply same on such bills."

Contemporaneously with the execution of this contract, Lyle executed a bond, with National Surety Company, as surety, for the faithful performance thereof, expressly in-

cluding the obligation of the contractor to "promptly pay for all labor and material used in the work." As a part of his application for the surety bond, he assigned to the surety all the moneys to become due to him as the work progressed or was completed.

August 8th, pending the performance of the work, and the day before he began it, Mahan Motor Company, who had obtained a decree for $500 against Lyle in this cause, on a claim independent of it, had a garnishment served on the city. It is conceded that at this time no amount was owing by the city to Lyle under the contract, but on the later date of the filing of the answer of the garnishee, August 26th, the work had so far progressed that there had been earned under the contract the sum of $500, and the answer of the garnishee so showed. It was also shown by the answer that J. M. Dunn & Son had served notice on the city (the date of this notice, as otherwise appears, being August 18th), of a claim for labor and materials furnished by them on said work in the sum of $508.03, and asserting a lien therefor; and the city submitted to the court the validity of this claim and prayed the instruction of the court "as to whom the amount held by it should be paid."

Following a motion by Mahan & Company, for judgment against the garnishee, City of Knoxville, answers and intervening petitions and exhibits thereto were filed by Dunn & Company, the contractor Lyle, and the surety company, together with stipulations, setting forth all the pertinent facts, and the contentions and alleged rights of the parties to the fund in the hands of the city, and, on consideration thereof, the chancellor entered a decree dismissing the garnishment and directing payment of the fund to the intervening petitioners, J. M. Dunn & Son and

the surety company. The complainant creditor, J. C. Mahan & Company, appeals and insists that it is entitled to a judgment against the garnishee for this fund under its garnishment process.

It is plausibly argued that the fund involved was impressed with a trust in favor (a) of the laborers and furnishers, whose labor and materials "produced it," and (b) of the surety, obligated to pay these claims unless otherwise discharged. Many authorities recognize an equitable lien in favor of the claimants, or the surety, or both, and a right of subrogation on the part of the surety to (a) the equitable rights of the furnishers and laborers, even where no lien exists, to the fund produced by them, or (b) to the reserved right of the owner or builder to pay off these claims, as equitable, even though, as in case of a municipality or county, not legal liens. Moreover, since it appears that, in making application for the bond, the contractor assigned to the surety all his rights to the proceeds of his contract, it may plausibly be contended, despite want of notice of the assignment to the city, required by the Tennessee rule to insure priority against attachment or transfer to innocent purchasers, that the surety—in view of the holdings hereinafter quoted of this court that a garnishment claimant occupies no higher ground than does his judgment debtor—acquired rights, not only against the contractor, but also superior to those of the garnishment creditor.

■ However, we find it unnecessary to adjudicate these questions. The true test of the right of a creditor under a garnishment to a judgment against the garnishment defendant debtor is the existence of an indebtedness owing by the debtor, in this case the city, to the judgment debtor, in this case contractor Lyle. It is ad-

mitted that no such indebtedness existed on the 8th of August, when the garnishment was served; no work had then been done on the contract; but, conceding that the test is to be related to the return or answer day, August 26th, and that by that time sufficient work had been performed to justify a payment under the contract of $500, was the chancellor in error in failing to give judgment therefor, under the garnishment against the city, the garnishee?

The amount in controversy being less than $1,000, the answer of the garnishee is not conclusive. Code 1932, section 8962. The proper practice is to summon the garnishee before the court for examination. *Wyler, Ackerland & Co.* v. *Blevins,* 113 Tenn., 528, 82 S. W., 829. The chancellor properly considered the facts before him, submitted by the pleadings and exhibits interposed, and the stipulations.

It is well established that the garnishee's liability must clearly appear, to warrant judgment against him. This liability may not be determined by "surmises and inferences." *Moses* v. *McMullen,* 4 Cold., 244; *Moore* v. *Green,* 4 Humph., 299; *Pickler* v. *Rainey,* 4 Heisk., 339. It may not be rested on a mere contingency, dependent on the will of the debtor. "Doubt must be resolved in favor of the garnishee, for if it be doubtful whether the garnishee owes the debtor, there can be no judgment." *Mayor, etc., of City of Nashville* v. *Potomac Ins. Co.,* 2 Baxt., 303. As said in *Van Vleet* v. *Stratton,* 91 Tenn., 474, 19 S. W., 428, 429, "it must clearly and obviously appear that the garnishees were indebted to the debtor," and by "debts" which may be reached under our statute is not meant "an intangible expectancy, depending on the will of the debtor."

In concluding his able opinion, in *Capital City Bank* v. *Anderson Transfer Co. et al.,* 36 S. W., 964, 967 (Court of Tenn. Ch. App.), concurred in by NEIL, J., and WILSON, J., and affirmed by this court, BARTON, J., thus summarizes the rule by saying that it must appear that there is a debt "existing in favor of the debtor, which (the garnishment aside) the debtor could sue the garnishee for and recover." This is the ultimate test, so recognized in all jurisdictions. In 28 Corpus Juris, p. 241, under the subhead, "Extent and Scope of Garnishee's Liability in General," it is said: "Except in those cases in which there has been fraud or collusion between the principal defendant and the garnishee, plaintiff by garnishment can acquire no greater rights against the garnishee than are possessed by the principal defendant. In other words, plaintiff is not to be placed in any better position, nor the garnishee in any worse position, than he would be if defendant himself was enforcing his claim." This text is supported by citation of numberless authorities, including cases from this court. In *Crudgington* v. *Hogan,* 105 Tenn., 449, 58 S. W., 642, 643, a garnishment case, wherein complainant Crudgington, a creditor of Hogan, had issued the garnishment, WILKES, J., said: "The creditor of Hogan can occupy no higher ground than Hogan himself, and the question of notice is not involved, as the complainant does not assume the attitude of an innocent purchaser or transferee, but of a creditor." In that case the garnishing creditor sought to reach a special deposit in bank which the court found was "impressed with a trust" in favor of a third party, to whom Hogan was obligated, and discharged the bank as garnishee upon this showing, despite the fact that the garnishee bank was without notice of the trust. *Arledge*

v. *White,* 1 Head., 241, also cited by C. J., is also direct authority for the rule that the garnishment complainant is on no higher ground than his judgment debtor, in attempting to reach funds in the hands of the garnishee. And see note 15 and cases cited under section 4818, Shannon's Ann. Code.

Giving application to these well-established rules governing the rights of garnishment creditors to judgments against garnishees, it seems obvious that the complainant has not established its right to a judgment against the city, as garnishee, for the fund involved. As has been seen, the city of Knoxville held the fund arising from the partial performance of this contract under an express stipulation in the face of the contract that it might withhold it from the contractor for the protection of laborers and material furnishers, and might itself so apply it. So that, it is obvious that the contractor could not himself have recovered the fund in a suit against the city without first discharging the admitted indebtedness to Dunn & Son, material furnishers. His right to it was clearly contingent. Its payment to him was wholly dependent on the will of the city, in whom was absolutely reserved the right to otherwise direct it. For this reason, no judgment could go against the city as garnishee. And, certainly, no court would assume to control the city in the exercise of this reserved right against claimants for labor and material, and against the surety on its bond, to the risk (a) of the loss to the claimants of the fund, through possible insolvency of the surety, or other contingencies, and (b) of the possibility that by its failure thus to discharge the obligation from funds in its hands it might release the surety altogether, in accordance with the general law of principal and surety which requires

a creditor or obligee, having funds or securities in his possession applicable to the obligation, to so apply them. See 50 C. J., p. 158, et seq. In *Bryan* v. *Henderson, 83* Tenn., 23, 12 S. W., 338, Mr. Justice LURTON said: "It is undoubted law that, if a creditor does any act which operates to release or discharge any lien or security that he holds from the principal debtor, to the prejudice or injury of sureties, the sureties will be exonerated to the extent to which they have been injured. *Bond* v. *Ray,* 5 Humph., 492; *Renegar* v. *Thompson,* 1 Lea, 457; *Allen* v. *Henley,* 2 Lea, 141.'' In the instant case the city, the obligee under the surety bond, held moneys which it had the clear right to apply, under the express terms of the contract which the surety bond was given to guarantee performance of, to the discharge of the identical obligations covered by the bond. Was it not the duty of the city to so apply it, not only to protect its surety, but in discharge of what Mr. Justice BREWER terms the ''equitable obligations'' of a government, though free of lien claims, to ''see that the laborers and supplymen were paid?'' *Henningsen* v. *U. S. Fid. & Guaranty Co.*, 208 U. S., 404, 410, 28 S. Ct., 389, 391, 52 L. Ed., 547. And this is true for a further reason, independent of this specific stipulation. The contract expressly required the contractor to pay all such claims for labor and materials. Being in default in this regard upon the return of the garnment, no sum was due and owing to him from the city which he might have successfully sued for.

Counsel for appellant, Mahan & Company, rely chiefly on *Cass* v. *Smith,* 146 Tenn., 218, 240 S. W., 778, but that case differs on its facts from those now presented in material respects. In the first place, that was not a garnishment proceeding, subject to the rules applicable to

such proceedings, as herein pointed out; and, second, it does not appear that the contract in that case contained the provisions to be found in the contract before us, particularly the express reservation to the city of Knoxville of a right to withhold the funds and apply them to the payment of claims for labor and material.

*Hardison & Co.* v. *Yeaman,* 115 Tenn., 639, 91 S. W., 1111, approved in *Cass* v. *Smith,* was a suit brought by furnishers of material sold to a general contractor for use in erection of a public building to recover balances due them from the bonding company and the building committee. Relief was denied by this court, holding that (1) these furnishers had no lien against the building, or the fund; and that (2) the surety was obligated, under the terms of the bond given, to protect the county only, the bond not containing the provision called for by the Act of 1899, chapter 182, for payment to the materialmen and laborers of their claims. The rights of a judgment creditor of the contractor to a balance of the contract price remaining unpaid, subjected by garnishment, were accordingly recognized as superior to those of these furnishers of material. But that case is to be distinguished from this in several regards, among others in that (1) the bond herein protects these furnishers of material and creates an obligation in their favor which they may directly enforce by suit against the surety; and, also, in that (2) the contract of the city with the contractor in the instant case, as has been seen, not only requires him to pay such claims, but expressly reserves to the city the right to apply the funds to the satisfaction of all claims for labor and material furnished.

It results that we find no error in the decree discharging the garnishee.

Affirmed.