ASSOCIATED INDEMNITY CORPORA-
TION v. MANNING et al.
No. 583.

District Court, W. D. Washington, S. D.
Sept. 25, 1936.

N. A. Pearson, of Seattle, Wash., for plaintiff.

J. C. McCoy, of Longview, Wash., for defendants J. M. Manning and Manning Fuel Oil Co.

E. H. Kohlhase, of Kelso, Wash., and Arthur I. Moulton, of Portland, Or., for defendants Harold, Melvin, and Maxine Beesley, Albert Gibson, and Verlae Beesley.

CUSHMAN, District Judge (after stating the facts as above).

■ The Declaratory Judgment Act (Jud. Code, § 274d), as amended (title 28 U.S.C. A. § 400) provides:

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have. the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted

whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

In any suit brought by claimants against the defendants Manning and the oil company, they are not concerned with whether the plaintiff, in its policies, has undertaken to defend such a suit or not.

Beyond question one of the major objects sought in the enactment of the Declaratory Judgment Law was the lessening of litigation.

If the court has jurisdiction of this proceeding, it will determine as a fact upon whose business Fleshman, the driver of the automobile, was engaged at the time of the collision.

If, by the Declaratory Judgment Law, litigation is to be lessened and not increased, a determination by the court of that fact will be conclusive alike not only as between plaintiff and defendants but between the defendants also.

Claimants have a right to elect to sue the defendant Manning or/and the defendant oil company. If claimants have a right to join the plaintiff as a defendant in such a suit, Landaker v. Anderson, 145 Wash. 660, 261 P. 388; Johnson v. McGilchrist, 174 Wash. 178–181 et seq., 24 P.(2d) 607, they are not obliged to do so.

Of a suit by any of claimants against the defendant Manning or/and the defendant oil company there can be no doubt that the state court alone has jurisdiction. This court would not have jurisdiction to enjoin such a suit.

To give the declaratory judgment statute the scope required to support the court's jurisdiction invoked by the bill in the present suit affords too facile a means for defeating the jurisdiction of the state court to warrant giving it such construction, in the absence of a clearly expressed intention. If, in the causes cited from the Fifth Circuit, a different conclusion has been reached, with such conclusion I am unable to agree. In Pan American Petroleum Co. et al. v. Chase Nat. Bank of City of New York, (C.C.A.) 83 F.(2d) 447, the bill of complaint was of an ancillary nature.

If the declaratory judgment statute provides a jurisdiction of the nature supporting bills quia timet, Meeker v. Baxter (C.C.A.) 83 F.(2d) 183–187, the present cause is not one under the statute because it is brought *after* liability, if any, has attached.

The cause will be dismissed for lack of jurisdiction. Any order embodying the foregoing ruling will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of the filing of this decision.