[No. 34517. Department One. August 7, 1958.]

OSCAR SUNDBERG et al., *Plaintiffs*, v. BOEING AIRPLANE COMPANY et al., *Respondents*, F. B. TILLEY, *Appellant*.[1]

[1] Reported in 328 P. (2d) 692.

*Felix & Abel* and *Don G. Abel,* for appellant.

*Wright, Booth & Beresford* and *Lewis L. Stedman,* for respondent American Surety Company of New York.

OTT, J.—The parties involved in this proceeding are Oscar Sundberg and Sons, a copartnership, the Boeing Airplane Company, the American Surety Company of New York, and F. B. Tilley, doing business as Ace Appliance Company. They will hereafter be referred to as Sundberg, Boeing, the surety, and Tilley, respectively.

The facts relevant to this appeal are as follows:

February 8, 1955, Sundberg entered into an extensive

painting contract with Boeing. As required by the contract, he deposited a performance and a payment bond, both of which were issued by the surety.

July 7, 1955, Tilley commenced an action against Sundberg to recover for rental of his vacuum cleaner equipment used in the painting contract, and for damages resulting from the negligent use thereof. Ancillary thereto, a writ of garnishment was served upon Boeing. The amended answer to the writ of garnishment alleged that no sum was due and owing Sundberg. Thereafter, an injunction was entered, enjoining the enforcement of the writ. Tilley's cause proceeded to trial, and, on March 14, 1956, judgment was entered only against Sundberg.

July 15, 1955, Sundberg defaulted on the paint contract, and assigned his rights thereto to the surety. The surety completed the Sundberg contract, and its performance thereof was accepted by Boeing prior to the date of the Tilley judgment.

December 23, 1955, an action was commenced by Sundberg against Boeing for the balance owing under the contract. Boeing's answer contained a cross-complaint in interpleader, joining Tilley and the surety as defendants. (It is the interpleader action out of which this appeal arises.)

April 30, 1957, Sundberg, the surety, and Boeing stipulated the amount unpaid under the contract, which amount Boeing deposited into court. The surety claimed the entire fund by virtue of its assignment and by common-law subrogation. Tilley claimed a prior right to the amount of his judgment, by reason of the writ of garnishment.

From a judgment awarding the surety the entire sum deposited by Boeing, Tilley has appealed.

As noted above, the issue here presented is not one in which Tilley claimed any statutory labor or materialman lien, or one in which Tilley's alleged claim against Sundberg was filed with the surety for payment and the claim disallowed, but one in which Tilley, as a judgment creditor of Sundberg, claims priority over the surety to the funds deposited by Boeing in its interpleader action. The appel-

lant, in his appeal brief, states the issue involved in this appeal as follows:

"The issue on appeal is between Tilley as appellant and American Surety and Boeing as respondents and concerns appellant's claim against respondent Boeing by reason of a writ of garnishment."

We find no merit in appellant's claim to priority for the following reasons:

(1) Tilley did not appeal from the order enjoining the enforcement of the writ of garnishment. The propriety of the injunction order cannot be questioned in this proceeding. The enforcement of the writ having been enjoined, the appellant cannot now claim any rights thereunder.

(2) Boeing's amended answer to the writ of garnishment alleged that it was not indebted to Sundberg except in a certain unliquidated amount, which amount was subject to various claims of creditors having priority thereto; that it (Boeing) did not have in its possession or under its control any personal property or effects whatsoever belonging to Sundberg, and that Sundberg owned no stock in Boeing.

The rights of a garnishing creditor are no greater than those of his debtor, and, if the debtor cannot recover the alleged debt in an action against the garnishee defendant, his creditor is under a similar disability. *Arcweld Mfg. Co. v. Burney,* 12 Wn. (2d) 212, 121 P. (2d) 350 (1942), and cases cited. See, also, *J. C. Mahan Motor Co. v. Lyle,* 167 Tenn. 193, 67 S. W. (2d) 745 (1934). To support garnishment, the garnishee defendant must be indebted to the principal debtor. *Barkley v. Kerfoot,* 77 Wash. 556, 137 Pac. 1046 (1914); *Austin v. Wallace,* 117 Wash. 61, 200 Pac. 566 (1921); *Landaker v. Anderson,* 145 Wash. 660, 261 Pac. 388 (1927). An unliquidated claim is not subject to garnishment. *Bassett v. McCarty,* 3 Wn. (2d) 488, 497, 101 P. (2d) 575 (1940).

Could Sundberg have maintained an action against Boeing for the retained percentage at the time of its answer to the writ of garnishment in the Tilley action, and prior to the completion of the contract?

The painting contract provided in part:

"18. Progress Payments . . .

"(b) [as amended by Change Order No. 1] In making such progress payments there shall be retained 10 per cent of the estimated amount until final completion and acceptance of all work covered by the contract. . . .

"(d) Upon completion and acceptance of all work required hereunder, the amount due the Contractor under this contract will be paid upon the presentation of a properly executed and duly certified invoice therefor, after the Contractor shall have furnished Boeing with a release, if required, of all claims against Boeing arising under and by virtue of this contract, other than such claims, if any, as may be specifically excepted by the Contractor from the operation of the release in stated amounts to be set forth therein.

"21. Responsibility for Claims

" . . . So much of the money due Contractor under this contract as shall be considered necessary by Boeing may be retained until all such claims, suits, actions, costs and expenses have been paid or settled and satisfactory evidence to that effect furnished to Boeing."

By virtue of the quoted provisions of the contract, Sundberg could not have recovered the funds withheld by Boeing, in a suit against Boeing, for the reason that his right to payment was contingent upon completion of the contract in accordance with its terms. Being in default in this regard at the time of the answer, no sum was due and owing to him from Boeing for which he could have successfully maintained an action.

Finally, the retained percentage which the appellant sought to reach by garnishment was unliquidated at the time of Boeing's answer to the writ, in that it was subject to any claims arising out of Sundberg's failure to perform the contract.

■ Applying the rules announced in the cited cases to the facts here presented, we conclude that appellant Tilley secured no rights to the interpleaded funds by reason of the writ of garnishment.

Assuming, without deciding, that the interpleaded amount was subject to the payment of all labor and material claims

which accrued prior to the default of Sundberg, Tilley's proof established only that he was a judgment creditor of Sundberg. The findings of fact which supported the Tilley judgment show that he furnished no labor or materials to Boeing, but that a bailor-bailee relationship existed between Tilley and Sundberg, and that the judgment represented unpaid rental for the equipment and damages resulting from Sundberg's negligent use thereof.

■ Equipment rental is not within the purview of RCW 60.04.010, 60.04.020 [cf. Rem. Rev. Stat., §§ 1129, 1133], the labor and materialmen's lien statutes. *Willett v. Davis*, 30 Wn. (2d) 622, 635, 193 P. (2d) 321 (1948), and cases cited. Tilley, not having a claim upon which he could predicate a lien, has derived no rights to the interpleaded fund by reason of his judgment against Sundberg. He stands in this proceeding in the position of a general judgment creditor of Sundberg.

Having so concluded, we deem it unnecessary to discuss the remaining assignments of error.

■ We concur in the trial court's holding that

". . . the decision in this case should be without prejudice to any rights that the interpleaded defendant F. B. Tilley . . . may have over and by virtue of any bond furnished by American Surety Company of New York in connection with the contract of Oscar Sundberg and Sons with Boeing Airplane Company."

The judgment of the trial court is affirmed.

HILL, C. J., FINLEY, and HUNTER, JJ., concur.

MALLERY, J. (dissenting)—I agree with the majority opinion that the garnishment proceedings availed Tilley nothing. The same is true of his judgment against Sundberg for rental and repair of the vacuum cleaner equipment used in the painting job for Boeing, since Sundberg cannot pay it. These futile proceedings do not alter the fact that Sundberg's debt to Tilley arose out of the execution of the Sundberg-Boeing painting contract.

When Boeing deposited the funds here in question in court at the commencement of its interpleader action, it was

for the purpose of having them distributed to persons privy to the painting contract, who could show they are entitled to participate therein by reason of having contributed to the performance of the job.

The surety was obligated to complete the painting contract, that is, to pay the cost of procuring its completion. Had Tilley supplied the equipment after the surety had undertaken the completion of the contract, there would have been a direct obligation on the part of the surety running to Tilley, but since the obligation to Tilley antedated the assumption of the contract, its owes the amount to Tilley only as a surety, not as a principal.

It is said that the surety is subrogated to the rights of Boeing. The nature of this right with regard to the funds deposited into court by Boeing is simply that the surety can insist that it be distributed to persons whose claims, in connection with the painting job, would be good against the surety to the extent that they were not satisfied out of the funds so deposited. Tilley is a creditor of this class, and it is immaterial that the obligation to him was incurred prior to the surety's assumption of the painting contract. No part of Tilley's rights to participate in the funds deposited in court need be predicated upon his judgment against Sundberg or the garnishment proceeding. In short, the money was deposited in court for the benefit of the creditors who performed the job. He is one of them. No reason has been given why he should not be paid out of the fund in court and/or by the surety direct.

I dissent.