In re SOUTHERN INDUSTRIAL
BANKING CORPORATION,
d/b/a Daveco, Debtor.

Irwin A. DEUTSCHER,
Trustee, Plaintiff,

v.

TENNESCO, INC., Defendant,

and

Twin City Federal Savings and Loan Association; First Federal Savings and Loan Association; Cherokee Valley Federal Savings and Loan Association; Cookeville Federal Savings and Loan Association; Frontier Federal Savings and Loan Association; Valley Fidelity Savings and Loan Association; Morristown Federal Savings and Loan Association; Home Federal Savings and Loan Association; Metropolitan Federal Savings and Loan Association; First Federal Savings and Loan Association; Decautur Federal Savings and Loan Association; First Home Federal Savings and Loan Association; Heritage Federal Savings and Loan Association; First City Federal Savings and Loan Association; First Federal Savings and Loan Association; First Federal Savings and Loan Association, Intervening Defendants,

and

Golden Gallon, Inc.; Harriman Gardens, Ltd.; Ogle's of Gatlinburg; Reuben N. Pelot, III; Southern Packaging & Storage Co., Inc.; Wayside Health Care Center, Inc., Garnishee Defendants.

Bankruptcy No. 3–83–00372.
Adv. No. 3–83–0520.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 6, 1984.

Frantz, McConnell & Seymour, Robert M. Bailey, Knoxville, Tenn., for plaintiff.

Stophel, Caldwell & Heggie, P.C., Stephen P. Parsons, Knoxville, Tenn., for defendant Tennesco, Inc.

Egerton, McAfee, Armistead & Davis, P.C., W.W. Davis, Jr., Knoxville, Tenn., for intervening defendants.

Cornelius, Collins, Higgins & White, Charles L. Cornelius, Jr., Nashville, Tenn., for amicus curiae Tenn. League of Sav. Institutions, Inc.

Chambers, Wyckoff & Beckner, M. Edward Owens, Jr., Nashville, Tenn., for amicus curiae Tenn. Mortg. Bankers Ass'n.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a judgment debtor, Tennesco, Inc., the original payee of certain promissory notes, has any interest in the notes after sale and endorsement which may be garnished where it retained physical possession of the notes as servicing agent for sixteen savings and loan associations, purchasers of participatory interests collectively totaling one hundred percent of the face value of the notes. Plaintiff, trustee of Southern Industrial Banking Corporation, the debtor in a chapter 11 reorganization case, contends that either notice to the original debtors of the transfers or delivery of the notes to the savings and loan associations was required to defeat its rights as an intervening lien creditor. The savings and loan associations insist that the judgment debtor is merely a trustee without any equitable interest in the contested funds. Amici curiae maintain the controversy is governed by Tenn.Code Ann. § 48–2–201 (1984).[1]

### I

The facts have been stipulated. Plaintiff is the original trustee in bankruptcy for Southern Industrial Banking Corporation (SIBC), formerly an industrial loan and thrift company. Defendant Tennesco, Inc. was organized and owned by a group of savings and loan associations seeking to make commercial mortgage loans outside their normal service area. When the organizing savings institutions sold their stock to third parties, Tennesco became an independent mortgage company. Tennesco continued its business of making original mortgage loans and selling participations in notes to financial institutions in the secondary mortgage market. The sixteen intervening defendant savings and loan institutions are purchasers of participation interests in six promissory notes originally payable to Tennesco.

On August 10, 1983, plaintiff obtained a judgment in the United States district court against Tennesco in the amount of $544,646.82. In an effort to enforce this judgment, plaintiff applied for writs of execution and attempted to garnish payments to Tennesco by the payors of the six notes collectively purchased by the defendant savings and loan associations.[2] Each garnishee filed an answer or response. While the validity of the notes is not disputed, two garnishees deny they are indebted to Tennesco. A third garnishee stated that he

---

1. *Participation certificates in bonds or notes secured by mortgages on realty.*—Persons issuing and selling participation certificates in bonds or notes secured by mortgages or deeds of trust on land in this state shall hold legal title to such bonds or notes in trust for the use and benefit of bona fide purchasers of such certificates to the extent of the interest assigned to such purchasers.

2. Plaintiff attempted to garnish payments against the following notes:

| Payor | Date of Note | Original Principal Amount | Service Date of Garnishment Writ |
|---|---|---|---|
| Finley-Moss, III-Golden Gallon, Inc. | 10/31/77 | $1,025,000 | 11/3/83 |

| Payor | Date of Note | Original Principal Amount | Service Date of Garnishment Writ |
|---|---|---|---|
| Harriman Gardens, Ltd. | 3/1/77 | $2,650,000 | 10/24/83 |
| Ogle's of Gatlinburg, Inc. | 10/1/73 | $300,000 | 12/5/83 |
| Reuben N. Pelot | 6/9/77 | $200,000 | 10/21/83 |
| Southern Package & Storage Co. | 11/19/76 | $600,000 | 10/21/83 |
| Wayside Health Care Center, Inc. | 9/14/77 | $750,000 | 12/1/83 |

does not know who holds his note to Tennesco.

Prior to service of the writs of garnishment, each defendant savings and loan association, for a valuable consideration, entered into a loan participation agreement with Tennesco. Although the terms of these agreements are not all identical, they generally provide for the sale by "Seller" (Tennesco) to "Buyer" of an undivided participating ownership of first mortgage loans, to be identified in a certificate of participation, and retention of legal title to the mortgage loans by Tennesco as trustee for the participating financial institutions. Further, the agreements provide that Tennesco is a trustee with fiduciary duties in its servicing of the mortgage loans; the loan participation agreement is a trust agreement between the parties; and the transfer of interest in the mortgage loan(s) constitutes a sale which will be evidenced by Tennesco's endorsement of the notes sold. Each note in question was endorsed by Tennesco "without recourse, as their interests may appear, pay to the order of [participants]" at the time of purchase.[3]

The defendant savings and loan associations have purchased participation interests totaling one hundred percent of the face value of the six notes subject to the garnishment writs.

Pursuant to its duties under the loan participation agreements, Tennesco collected payments on the notes sold to the participating financial institutions. These payments, less a service fee, were transferred to the participants in proportion to their interest. Tennesco retained physical possession of the notes in question until November 9, 1983, when the notes were delivered to Metropolitan Federal Savings and Loan Association (Metropolitan).[4] By letter dated November 10, 1983, Tennesco no-

tified the six garnishees that Metropolitan had been substituted as servicing agent for their notes.

## II

With exceptions immaterial, Tenn.Code Ann. § 47–9–102(1) (1979) enacts in relevant part:

> [T]his chapter applies so far as concerns any personal property ... within the jurisdiction of this state:
>
> (a) to any transaction (regardless of its form) which is intended to create a security interest in personal property ... including ... instruments....

The transfers of Tennesco's interest in the six notes at issue through the issuance of participation certificates constitute sales. The loan participation agreements expressly provide for the "sale" of undivided ownership interests in mortgage loans. Throughout the loan participation agreements the parties are identified as "Seller" and "Buyer." No debtor-creditor relationship arose between Tennesco and any defendant savings and loan association as a consequence of the purchase of the notes. Manifestly, Tennesco and the defendant savings and loan associations did not intend to, nor did they, create a security interest through or in conjunction with Tennesco's transfer of the notes. Accordingly, Chapter 9 of Title 47 of the Tennessee Code is inapposite, and it was not necessary for the savings and loan associations to take possession of the notes to perfect their interest.[5]

Tenn.Code Ann. § 26–2–202 (1980) recites:

> *Property, debts and effects liable to satisfy judgment.*—All property, debts and effects of the defendant in the possession of the garnishee, or under his

---

**3.** This finding is based on the parties' stipulation. Out of the six notes in question, only four of the copies accompanying the stipulation of facts as exhibits reflect Tennesco's endorsement.

**4.** Two of the notes, the Pelot and Ogle's notes, were delivered by Tennesco to Metropolitan and Cookeville Federal Savings and Loan Associa-

tion, respectively, previous to plaintiff's levy of execution.

**5.** Compare *Peoples Bank v. McDonald (In re Maryville Savings & Loan Corp.),* 743 F.2d 413 (6th Cir.1984) (assignee of deed of trust notes failed to perfect interest because it did not secure possession of the notes).

control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of notice, and before judgment.

Also, Tenn.Code Ann. § 29–7–101 (1980) provides:

> *Assets subject to garnishment.* —Where property, choses in action, or effects of the debtor are in the hands of third persons, or third persons are indebted to such debtor, the attachment may be by garnishment.

Obviously, only Tennesco's interest in the notes was subject to garnishment when the writs of execution were served. But the six notes were all endorsed by Tennesco to the order of various savings and loan associations prior to service of the garnishment writs. Thus, the notes were payable to the endorsee savings and loan associations, previous to garnishment, and could not have been negotiated without their endorsements. Tenn.Code Ann. § 47–3–204(1) (1979).

As a garnishor, plaintiff's rights against the garnishees are no greater than those of Tennesco. See *J.C. Mahan Motor Co. v. Lyle,* 167 Tenn. 193, 67 S.W.2d 745 (1934). Tennesco had neither a beneficial nor equitable interest in the six notes when the respective garnishment writs were served. Tennesco merely held legal title to the notes when the writs were served and could have enforced payment only as trustee for the benefit of the endorsee savings and loan associations.

> Property and funds owned by, or due to, defendant as a trustee are not subject to garnishment for his individual debts.... A bare legal title in defendant is insufficient where the equitable or beneficial interest is in another. (Footnotes omitted).

38 C.J.S. *Garnishment* § 81 (1943). *See also Nashville Trust Co. v. Weaver,* 102 Tenn. 66, 50 S.W. 763 (1899) (corporate

stock held by debtor as a trustee not subject to execution against him individually). Hence, plaintiff may not garnish the payments on the six notes because these payments are not property of Tennesco.[6]

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.

---

**6.** This case is not controlled by 11 U.S.C.A. § 541(d) (1979) because Tennesco is not a debtor in bankruptcy. However, the court's conclusion is clearly consonant with the purpose underlying the enactment of Code § 541(d). See *In re Columbia Pacific Mortgage, Inc.,* 20 B.R. 259 (Bankr.W.D.Wash.1981) (interest of participating savings and loan association in notes left in debtor's possession not property of debtor mortgage company's estate).