[No. 33100-4-II.   Division Two.   June 27, 2006.]

WEYERHAEUSER COMPANY ET AL., *Respondents*, v. CALLOWAY ROSS, INC., ET AL., *Appellants*.

*Craig H. Bennion* (of *Cozen & O'Connor*), for appellants.
*Gerald A. Reitsch*, for respondents.

¶1 PENOYAR, J. — Weyerhaeuser Company entered into a contract with Calloway Ross, Inc., to repair and maintain a railroad bridge. Lexington Insurance Company provided liability insurance for Calloway under Calloway's contract with Weyerhaeuser. A fire occurred during Calloway's repair work and Weyerhaeuser sued Calloway for negligence and breach of contract. Weyerhaeuser received a $6,140,984 judgment against Calloway. Weyerhaeuser filed a writ of garnishment on Lexington in an attempt to collect a portion of the judgment that Calloway owed to Weyerhaeuser. The trial court ordered Lexington to honor the writ. In this appeal, Lexington argues that because the amount due under its insurance policy with Calloway was unascertainable and not able to be garnished, Lexington was not required to honor Weyerhaeuser's writ of garnishment. We disagree and affirm.

## FACTS

¶2 Weyerhaeuser hired Calloway on a general contract for repair work and maintenance of a railroad trestle.

Under the contract, Weyerhaeuser required Calloway to have liability insurance with a $1,000,000 liability limit. Calloway bought insurance coverage through Lexington. The policy provided that Lexington would defend Calloway in any suit filed against the policy and it also allowed Lexington to deduct all costs it incurred in defending Calloway from the $1,000,000 liability limit.

¶3 While Calloway was performing its repair work on the railroad trestle, a fire occurred and caused substantial damage. After the fire, Weyerhaeuser sued Calloway for breach of contract and negligence. Lexington provided Calloway's defense in the substantive lawsuit. On November 30, 2004, Weyerhaeuser won a $6,140,984 judgment against Calloway.

¶4 After receiving its judgment, Weyerhaeuser filed a writ of garnishment on Lexington and served it on the Washington Insurance Commissioner on December 27, 2004. Lexington contested the writ, arguing that the amount due under the writ was uncertain and therefore not subject to garnishment. The trial court disagreed and ordered Lexington to pay Weyerhaeuser the remaining amount available under Calloway's $1,000,000 liability policy as of December 27, 2004, minus defense costs. After deducting defense costs, the amount due was $734,484. The trial court awarded Weyerhaeuser attorney fees accrued during the garnishment proceedings.

¶5 On December 28, Lexington appealed the $6,140,984 judgment entered against Calloway in the substantive lawsuit. However, after the garnishment proceedings, Calloway voluntarily moved to dismiss its substantive appeal of the $6,140,984 judgment. In this appeal, Lexington contests only the trial court's decision in the garnishment proceedings. Lexington voluntarily dismissed the substantive appeal and the substantive lawsuit is not at issue here.

## ANALYSIS

█ █ ¶6 There were no issues of fact in dispute at the garnishment proceeding or in this appeal. This court reviews questions of law and conclusions of law de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003); *City of Univ. Place v. McGuire*, 144 Wn.2d 640, 649, 30 P.3d 453 (2001). Since this appeal concerns only questions of law, we review Lexington's arguments de novo.

### I. Unascertainable Amount at Garnishment

¶7 Lexington repeatedly asserts that the writ of garnishment was not effective on December 27 because the garnishable amount was uncertain on that date. It argues that the amount was uncertain because the insurance policy allowed all defense costs to be deducted from the policy limits and, since it appealed the substantive lawsuit on December 28 and there was an appeal pending, the amount was "in flux."

¶8 Weyerhaeuser counters Lexington's assertions, explaining that the garnishment was proper and that the amount due on December 27 was ascertainable. We agree with Weyerhaeuser.

█ ¶9 A liability insurer is subject to garnishment upon the entry of judgment against its insured debtor. *Landaker v. Anderson*, 145 Wash. 660, 662, 261 P. 388 (1927); *Gooschin v. Mercer Cas. Co.*, 178 Wash. 114, 116, 34 P.2d 435 (1934). If a creditor files a writ of garnishment on a party who is indebted to the debtor at the time of service, then the garnishee is responsible to the creditor for the amount it owes the debtor. RCW 6.27.250(1)(a). The garnishee is liable for the amount of the debt subject to the claim of the debtor at the time of service of the writ of garnishment. RCW 6.27.250(1)(a). As Calloway's liability insurer, Lexington was subject to garnishment upon the trial court's entry of judgment against Calloway.

¶10 The parties do not dispute that the judgment entered against Calloway in the substantive lawsuit was valid on November 30, or that by virtue of its insurance policy with Calloway, Lexington was indebted to Calloway for its insured portion of the substantive judgment. The parties do not dispute that Lexington was responsible to Weyerhaeuser for Calloway's judgment or that the writ was properly served on December 27. Therefore, under a simple application of RCW 6.27.250(1)(a), we hold that Lexington was required to pay to Weyerhaeuser all amounts due under its obligation with Calloway as of December 27.

¶11 A trial court decision may be enforced pending appeal or review unless a party stays enforcement of the judgment by filing a supersedeas bond or cash in the trial court. RAP 8.1(b)(1). Lexington could have filed a supersedeas bond, which would have stayed the trial court judgment. However, it did not. It was therefore required to honor the writ when Weyerhaeuser served it on the insurance commissioner on December 27. We affirm the trial court.

¶12 We agree with Lexington's assertion that garnishing creditors' rights are no greater than debtors' rights and that if a debtor cannot recover an alleged debt in an action against a garnishee defendant, then the debtor's creditor also cannot recover. *Sunberg v. Boeing Airplane Co.*, 52 Wn.2d 734, 737, 328 P.2d 692 (1958). However, Lexington does not assert that the insurance policy did not cover Calloway, or that Calloway could not have recovered from Lexington under the policy. Therefore, Weyerhaeuser, as the garnishing creditor, did not assert any rights against Lexington that Calloway would not have been able to assert against Lexington.

## II. UNLIQUIDATED CLAIMS

¶13 It is well settled Washington law that an "unliquidated" claim is not subject to garnishment. *Hinote's Home Furnishings, Inc. v. Olney & Pederson, Inc.*, 40 Wn. App. 879, 883, 700 P.2d 1208 (1985). Unliquidated claims

are not garnishable because *such claims are contingent or uncertain* and because the amount due on the claim cannot be determined until it is reduced to judgment. *United Pac. Ins. Co. v. Lundstrom*, 77 Wn.2d 162, 172, 459 P.2d 930 (1969). At oral argument, Lexington conceded that the trial court judgment was liquidated when it was entered. Therefore, since the amount was liquidated, it was also ascertainable and Lexington was required to honor the writ.

## III. DEFENSE COSTS

¶14 Lexington also explained during argument that in January 2005 it paid defense costs for Calloway's defense at trial in November 2004. Lexington asserted that the January expenditures should have been deducted from the amount due upon entry of judgment in November and should have been deducted from the garnishable amount assessed on December 27. These assertions were not contained in the trial court or appellate record. Furthermore, we will not base our decision in this court on the timing of Lexington's billing practices and decline to consider this argument on appeal.

## IV. CONSTRUCTION OF CONTRACTS

¶15 Lexington is correct that insurance policies are to be construed as a whole and each clause is to be given force and effect. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002) (citing *Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.*, 124 Wn.2d 789, 797, 881 P.2d 1020 (1994)). However, the issue in this case does not hinge on the construction of Calloway and Lexington's insurance contract. The parties do not dispute that the insurance contract allowed Lexington to subtract defense costs from the overall $1,000,000 policy limit. In fact, Weyerhaeuser did not contest allowing Lexington to deduct $267,516 in defense costs from the $1,000,000 liability limit due. This rule of law does not help Lexington's position.

## V. Duty to Defend

¶16 Finally, Lexington contends that Washington law requires an insurer to provide a full defense to its insured. While this is accurate, it is also not relevant to this appeal. That Lexington had a duty to defend Calloway does not change its obligations once the garnishment writ was properly served.

## VI. Attorney Fees

¶17 A party who successfully opposes a writ of garnishment is awarded attorney fees. RCW 6.27.230. Lexington did not successfully oppose the writ of garnishment, and we decline to award attorney fees to Lexington. We affirm the trial court's award of attorney fees to Weyerhaeuser.

¶18 Affirmed.

BRIDGEWATER and HUNT, JJ., concur.