BROOKS v. ED STEVES & SONS et al. (No. 5779.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 24, 1917. Rehearing Denied Feb. 21, 1917.)

GARNISHMENT ☞235(1)—DIVISION OF FUND BETWEEN CREDITORS — JURISDICTION OF COURT.

A county court can divide money due an insolvent corporation between two garnishing creditors, at least against the objection of the corporation's president, who held a fictitious assignment of the debt from the corporation for which he had paid no consideration.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 423–425.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Ed Steves & Sons and another against the Brooks-Gordon Construction Company and R. E. Brooks, defendants, and W. F. Bonner, Emma J. Bonner, and Mary A. Bonner, garnishees. Judgment for plaintiffs, and defendant R. E. Brooks appeals. Affirmed.

F. R. Williams, of San Antonio, and Woods, King & John, of Houston, for appellant. Terrell & Terrell and Boyle & Storey, all of San Antonio, for appellees.

FLY, C. J. Ed Steves & Sons applied for a writ of garnishment in a suit styled "Ed Steves & Sons v. Brooks-Gordon Construction Company and R. E. Brooks," directed against W. F. Bonner, Emma J. Bonner, and Mary A. Bonner. The garnishees answered that R. E. Brooks and the Brooks-Gordon Construction Company had recognized a judgment against them for $774.57, which they were anxious to pay to the proper person to receive the same, and they asked that Brooks and the company be made parties to the suit. Appellant answered that he was not a resident of Bexar county, filed general and special exceptions, setting up two years' limitation, etc. T. P. Walsh also applied for a writ of garnishment directed against the Bonners, to which the same answers as in the Steves Case were filed by them. There were suits filed by Steves & Sons and T. P. Walsh against the construction company. R. E. Brooks was the president and owner of 149 of the 200 shares of the company, and claimed that the indebtedness of the Bonners had been assigned to him by his company. There were six cases in all which were consolidated by the county court, the contest being as to whom the $774.57 should be paid. The court gave $50 of that sum to the garnishees as an attorney's fee, and on an agreement of the plaintiffs $263.65 of the amount was allotted to Steves & Sons, and $460.92 to T. P. Walsh. The various pleadings cover 63 pages of the 86-page transcript.

Walsh and Steves & Sons had obtained judgments against the construction company for their debts, and in the consolidation of the causes it was agreed that one judgment in this case should be taken for all the causes. Brooks had attempted to sue the Bonners in Harris county, but their plea of privilege was sustained and the cause transferred to Bexar county. Appellant based his claim to the money on a transfer made to him by the construction company.

The first assignment of error is overruled. The county court had before it all the parties claiming any interest in the money

owed by the Bonners, and no valid reason has been, or can be, assigned for the court not distributing the money to those to whom it rightfully belongs. Appellant admits that he has been unable to find a case denying to a county court the right to divide the money owing to an insolvent corporation between two creditors having judgments against the corporation, and who have had writs of garnishment served on the debtor to the corporation. We know of no law preventing the distribution of the fund, as was done in this case. We fail to see what right or authority appellant has to question the jurisdiction of the court. The facts show that he has no right, title, or interest in the money, and no one else has complained. Brooks v. Bonner, 149 S. W. 564. The transfer of the Bonner debt by the insolvent corporation to its president, and the holder of about three-fourths of its stock, was not made in good faith, but was fictitious. He paid no consideration for the debt, but was endeavoring to divert the funds of the corporation to pay his debts. The evidence indicates that the transfer was made to obtain jurisdiction over the Bonners in Harris county, as was held in this case when on appeal before the Court of Civil Appeals of the First District. Brooks v. Bonner, herein cited.

The county court had all parties interested in the fund before it, the amount was clearly within its jurisdiction, and we are of the opinion that it had authority to distribute the money as it did.

The judgment is affirmed.