[No. 19711. Department One. March 18, 1926.]

GEORGE GUNN, *Appellant*, v. CHRIS MANTHOU *et al.*,
*Respondents*, GEORGE TSIAKILOS, *Appellant.*[1]

[1] GARNISHMENT (12-1)—PROPERTY SUBJECT—NEGOTIABLE PROMIS-
SORY NOTE. A debt evidenced by a negotiable promissory note,
is subject to garnishment before maturity, under statutes which
do not expressly subject or exempt such debts to garnishment,
in view of Rem. Comp. Stat., § 693, authorizing garnishment of
debts that are not due at the time the writ is served.

[2] SAME (22)—JOINT OR SEVERAL PROPERTY OR RIGHTS. In a suit
against a copartnership, a garnishment against a third person,
who was a member of the partnership when the debt was con-
tracted, is not "illegal and abortive" because the garnishee was
a necessary party defendant as a member of the partnership,
when he testified that he was discharged of that liability.

Appeal from a judgment of the superior court for
Pierce county, Teats, J., entered June 12, 1925, upon
findings in favor of defendant, in garnishment pro-
ceedings, tried to the court. Affirmed.

*John E. Belcher,* for appellant Gunn.

*Bartlett Rummel,* for appellant Tsiakilos.

*J. Charles Dennis,* for respondents.

PER CURIAM.—On September 19, 1924, one Gust An-
drews, as plaintiff, brought an action against Andrew
Tsiakilos, George Tsiakilos and John Tsiakilos, as co-
partners doing business under the firm name of U. S.
Baking Company, to recover the sum of $201, alleged
to be due on an account for board and lodging furnished
Andrew and George Tsiakilos at the special instance
and request of the partnership. At the time of the
filing of the complaint a writ of garnishment was sued
out and served upon Chris Manthou, one of the re-
spondents in this action. Prior to the commencement

[1]Reported in 244 Pac. 133.

of the action, but subsequent to the time the obligation
sued on was incurred, Manthou had purchased the in-
terest of George Tsiakilos in the partnership business,
and had given to Tsiakilos a number of promissory
notes of $200 each in payment of the purchase price of
the property sold, and it was Manthou's obligation on
these notes that was sought to be reached by the gar-
nishment proceedings. While the record is not very
clear as to the facts, it is to be gathered therefrom that
Manthou paid all of the notes, but two, at their matur-
ity, while they were in a bank for collection as the prop-
erty of the payee. After the writ of garnishment had
been served, the payee withdrew the unpaid notes,
which were not then due, endorsed them and delivered
them to an attorney. One of the notes the attorney sold
to Paul F. Barber two days before its maturity for a
consideration of $190. The other note he delivered to
George Gunn, one of the appellants in the present ac-
tion, for a consideration not made very clear by the
record. These notes, after the transfers, were placed
in another bank for collection, and Manthou was noti-
fied by the bank after they matured that it so held them.
Manthou was able and willing to pay the notes, and,
going to the bank for that purpose, exhibited, the writ
of garnishment that had been served on him. He was
advised not to pay them until his liability in the gar-
nishment proceedings had been determined, and pos-
sibly advised to consult an attorney. At any rate he did
consult an attorney, and, on the attorney's advice, re-
fused to pay the notes. Barber then began an action to
recover upon the note purchased by him, making parties
defendant Manthou, his wife, and George Tsiakilos, the
payee who had endorsed the note. Gunn at the same
time began a similar action on the note held by him,
making the same parties defendants. Manthou an-

4—138 WASH.

swered in each of the actions, setting up the garnishment proceedings, and offering to pay the amount of the notes to whomsoever the court should adjudge was entitled thereto. He also brought the principal and interest due on the notes into court and deposited it with the clerk. The actions were consolidated for trial, and were heard by the court, sitting without a jury. In the action in which Barber was plaintiff, the court held that Barber was a purchaser of the note prior to its maturity for value and without notice of the garnishment proceedings, and allowed a recovery on the note held by him. In the action in which Gunn was plaintiff, the court held that Gunn had notice of the garnishment proceedings at the time he purchased the note, and was not a holder in good faith, that is, such a holder as would cut off the rights of the garnishee plaintiff, if any rights were acquired by the garnishment proceedings. Manthou also asked that the garnishee plaintiff be made a party to the action, but, for some reason not disclosed by the record, this was not done. The court, however, held that Manthou, by bringing the money into court, relieved himself from further liability on the note, and dismissed the action as to him and his wife. It further directed that the money paid into court be held by the clerk, "subject to such orders as the court shall make" in the action out of which the garnishment was issued. From this disposition of the case the plaintiff Gunn, and the defendant George Tsiakilos, appeal.

The appeal of Tsiakilos needs no special consideration. He joins in the appeal of Gunn, and adopts as his own the arguments that appellant makes for reversal.

[1] Passing to the appeal of Gunn, his first contention is that a debt evidenced by a negotiable promissory note is not subject to the process of garnishment, and that the court, for that reason, erred in requiring him

to contest with the garnishee plaintiff the right to the money due thereon. The question here suggested is one to which the courts have returned discordant answers. Much of the disagreement, however, is more seeming than real. The right of garnishment is, in most jurisdictions, governed by statute, and the difference in the wordings of the statutes has caused the courts to hold, in the one instance, that a debt evidenced by a negotiable promissory note is subject to garnishment, and, in the other, that it is not. But we cannot agree with the appellant that the general rule, in the absence of statute expressly conferring the right, is that such debts are not subject to garnishment. Our reading of the cases is to the contrary effect. The courts will not, of course, charge an obligor upon negotiable paper as garnishee, except upon a showing that will clearly protect him against the actual holder of the paper—that is, protect him against any liability of having to pay the debt a second time—but where, as in this instance, the note is impounded, and there can be no question of further liability, there is no more reason for holding the debt exempt from garnishment than there is for holding other forms of debt so exempt. Nor does our statute require a contrary conclusion. It is true, it does not specifically provide for the garnishment of this sort of debts, but neither does it exempt them from garnishment, and, hence, the general rule is applicable. Nor is it an objection that the debt is not due at the time the writ is served. The statute (Rem. Comp. Stat., § 693) makes a special provision to meet this contingency.

But, it is said, our cases are to the effect that such debts are not subject to garnishment. Counsel has not pointed out the cases on which he relies, and our research does not confirm the contention. It may be that this court has never formally determined the question,

but in *Guaranty Security Co. v. Coad,* 114 Wash. 156, 195 Pac. 22, 197 Pac. 326, it somewhat elaborately discusses the rights of the parties, in the instance of a garnishment of debts evidenced by negotiable paper, on the assumption that such debts were subject to garnishment; holding, in the particular instance, that the payor of the notes was liable to the garnishee plaintiff on some of the notes and not liable on others. The precise question was not discussed in the opinion of the court, but, in so far as the case bears on the question, it supports, rather than refutes, the conclusion that we here reach.

[2] The next contention is that the garnishment was "illegal and abortive." This contention has its foundation in the fact that Manthou was a member of the copartnership known as the U. S. Baking Company, at the time the debt was incurred which gave rise to the cause of action out of which the writ of garnishment issued. It is argued that Manthou was, because of this fact, an obligor on the debt sued upon, as well as an obligor on the note here in suit, and that the effect of the trial court's decision is to permit him to satisfy both obligations by the payment of one. But we are not persuaded that the evidence justifies this conclusion. The fact that Manthou was a member of the partnership named, at the time the obligation was incurred which gave rise to the garnishment action, appears by his own testimony, but it also appears therefrom that he was not liable on the debt so sued upon. Both statements can be true, and it is some evidence that both are true that he was not made a party defendant to the action against the partnership composing the baking company; for it is hardly to be presumed that the plaintiff in that action would undertake to charge him with liability by the indirect method of a garnishment proceeding, when he could have so charged him

in a direct action. But we need not indulge in presumptions. We can accept, as the trial court accepted, his statements that he had been discharged of that liability.

The third contention is that all claims arising under the garnishment proceedings have been lost by default. On this question an extended argument is made which we shall not follow. As we view the record, it is a question not presented in the present controversy, and one yet to be determined.

Finally, it is said that the evidence does not justify the conclusion that the appellant took the note with notice of the garnishment. On this question we are content to follow the conclusion of the trial court.

Affirmed.