IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LIVEOAK VENTURE PARTNERS I, L.P.; LIVEOAK VENTURE PARTNERS lA, L.P.; THOMAS J. GALVIN; KENNETH L. and VIRGINIA T. BOYDA, AS TRUSTEES OF THE BOYDA FAMILY REVOCABLE TRUST DATED 10/ 12/1990; and JIRI AND ROSEMARY MODRY, AS TRUSTEES OF THE JRAM TRUST UDT DATED 8/ 12/1996, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 37949-3-III |
| Respondents, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| DYNACOLOR, INC., and WARREN CHEN, | ) ) ) | |
| Appellants. | ) ) | |

FEARING, J. — Texas judgment debtor DynaColor, Inc. appeals the Washington superior court's refusal to quash a garnishment. DynaColor claims the Texas judgment against it was not ripe for collection, the judgment creditors failed to follow Washington procedural rules for a garnishment, and the garnishment was invalid because the debt garnished was a contingent and unliquidated debt owed to DynaColor. The numerous

arguments posited by DynaColor extend the length of this opinion.  We reject all assignments of error and affirm the superior court's refusal to quash the garnishment.

FACTS

Respondents and judgment creditors are Thomas J. Galvin; LiveOak Venture Partners I, L.P; LiveOak Venture Partners 1A, L.P; Kenneth L. and Virginia T. Boyda, as Trustees of the Boyda Family Revocable Trust; and Jiri and Rosemary Modry, as Trustees of the JRAM Trust.  Judgment creditors filed suit in Texas District Court for Dallas County against judgment debtors DynaColor, Inc. and its CEO Warren Chen, both based in Taiwan.  DynaColor is the only judgment debtor appealing the Washington superior court's rulings.

Because of the fastidious and widespread arguments asserted by DynaColor in this appeal, we meticulously describe some of the pleadings filed in the Texas court and also recorded in the Washington superior court case on appeal.  Another plaintiff in the Texas suit was Razberi Technologies, Inc.  The judgment creditors are preferred shareholders in Razberi Technologies.  Razberi Technologies and the judgment creditors sued DynaColor, the majority common shareholder of Razberi Technologies, and Chen for fraud and breach of fiduciary duty regarding the purchase of the preferred stock.

According to Bloomberg, DynaColor, a Taiwan company, develops, manufactures, and markets monitor automation alignment systems, security monitoring systems, and digital cameras.  The company's products include high speed dome

2

cameras, digital video multiplexers, and digital control integrated circuits. Razberi

Technologies, a Delaware corporation, markets intelligent video appliances, automated

cybersecurity software, and health monitoring software. DynaColor invested in and

maintained a relationship with Razberi Technologies. *Chen v. Razberi Technologies,*

*Inc.*, 645 S.W.3d 773, 775 (Tex. 2022)

In the suit initiated by the judgment creditors and Razberi Technologies in Dallas

County District Court, DynaColor and Chen entered special appearances to dispute Texas

courts' personal jurisdiction over them, but the Texas district court denied the challenge.

DynaColor and Chen filed an interlocutory appeal disputing personal jurisdiction. On

June 30, 2020, while the interlocutory appeal was pending, the Texas District Court ruled

that DynaColor and Chen breached fiduciary duties to judgment creditors and Razberi

Technologies and entered a judgment on June 30, 2020.

The caption of the Texas lawsuit complaint named Razberi Technologies, Inc. as a

plaintiff. Also, the caption of the final judgment named the plaintiffs simply as "Razberi

Technologies, Inc., et. al." Clerk's Papers (CP) at 3. Nevertheless, the judgment did not

award Razberi any amount. When we reference judgment creditors, we do not include

Razberi Technologies in its scope for this reason.

The Texas District Court granted four judgments incorporated into one final

judgment. The first judgment awarded actual direct damages to five judgment creditors

against DynaColor, Inc. and Warren Chen, jointly and severally, as follows:

| | |
|---|---|
| Thomas J. Galvin | $  823,320.20 |
| Liveoak Venture Partners I, L.P. | $ 1,125,000 |
| Liveoak Venture Partners 1A, L.P. | $ 1,875,000 |
| Boyda Family Revocable Trust | $  249,994.06 |
| JRAM Trust | $  249,994.06. |

CP at 5.

The Dallas County District Court granted, in the second judgment, actual consequential damages for two judgment creditors jointly and severally against DynaColor and Warren Chen as follows:

| | |
|---|---|
| Liveoak Venture Partners I, L.P. | $ 4,500,000 |
| LiveOak Venture Partners 1A, L.P. | $ 7,500,000 |

CP at 5-6.

In its third judgment, the Texas district court granted, in favor of all judgment creditors, an additional judgment of $9,193,364 for disgorgement of ill-gotten profits taken by DynaColor and Warren Chen in their role as fiduciaries to Razberi Technologies and to shareholders of Razberi Technologies. Finally, the court awarded all judgment creditors a fourth judgment for $728,765.62 in reasonable and necessary attorney fees through final judgment in the trial court, $65,000 for an appeal to the Dallas Court of Appeals, an additional $35,000 if DynaColor filed a petition with the Supreme Court of Texas, and an additional $15,000 if the Supreme Court of Texas granted oral argument.

The Dallas District Court declared that five percent interest compounded annually would accrue on all judgment amounts. The court also awarded prejudgment interest.

The district court totaled all four judgments, excluding interest, at $25,516,672.32. As of the date of a June 26, 2020 judgment, prejudgment interest was $7,200,585.80, for a grand total of $33,446,023.74. Thereafter, per diem interest would accrue at the rate of $4,581.65 per day, until the postjudgment interest began to compound.

The Court of Appeals of Texas dismissed DynaColor's interlocutory appeal challenging personal jurisdiction. The Court of Appeals reasoned that the special appearance order had merged into the Texas District Court's final judgment, from which DynaColor and Warren Chen had failed to file an appeal. The Texas Supreme Court accepted review of the case.

PC Open, Inc., the Washington garnishee defendant, purchased from DynaColor goods controlled by a contract entitled "Original Manufacturer Agreement (Digital Video Recorder)." CP at 74-84. PC Open, based in Liberty Lake, manufactures and distributes digital video recorders for the public safety industry. Under the terms of the purchase agreement, PC Open could inspect and test products from DynaColor in order to determine acceptance within thirty days of receiving the products. The relevant language declared:

> a) PC Open may, but shall not be required to, inspect and test all Products prior to acceptance or rejection, and may refuse to accept Products, if PC Open determines that the Products do not conform to specifications which were mutually agreed upon by both Contractor and PC Open. PC Open shall determine the acceptance in 30 days after receiving products.

5

b) Upon rejection of the Products by PC Open, Contractor shall accept the return of such Products and either ship conforming Products within forty five (45) days or refund any moneys paid by PC Open for such rejected Products.

CP at 78.

Under the original manufacturer agreement, title and risk of loss to the product passed to PC Open pursuant to law applicable to shipments made "FOB Destination," meaning title to the goods remained in DynaColor's name until delivery to PC Open in Washington State. The original manufacturer agreement demanded that PC Open pay the invoice within seventy-five days of receiving Dyna Color's invoice.

PROCEDURE

On September 21, 2020, the judgment creditors recorded, in Spokane County Superior Court, the Texas District Court judgment against DynaColor and Warren Chen. The creditors attached the formal Texas final judgment to two Superior Court pleadings titled respectively "Application and Declaration for Filing a Foreign Judgment" and "Declaration re: Foreign Judgment." The judgment creditors listed all of their names as plaintiffs and judgment creditors in the caption of both the application and the separate declaration. They omitted Razberi Technologies from the list of judgment creditors. The body of the application lists the full names of all judgment creditors but omits any amount owed. The body of the declaration again lists the full names of judgment creditors with an amount owed common to all. The declaration does not differentiate

6

amounts owed to discrete judgment creditors. On September 21, 2020, the judgment creditors also filed with the Spokane County Superior Court a notice of filing foreign judgment with the same names in the caption as the application and declaration filed the same day.

On October 2, 2020, judgment creditors applied for a writ of garnishment with PC Open as the garnishee. The caption of the application listed "LiveOak Venture Partners I, L.P., et al." as plaintiffs. CP at 29. The application read, in part:

> 1.1 *Plaintiff* has a judgment wholly or partially unsatisfied, against the defendant, in the court from which the writ is being sought.
> 1.2 The amount alleged to be due is the balance of the judgment or amount of claim, $ 25,516,672.32 plus interest and estimated garnishment costs as indicated in the writ.
> 1.3 *Plaintiff* has reason to believe, and does believe, that PC Open, Inc.
> whose residence and/or business location is 23221 E. Knox Ave., Liberty Lake, WA 99019-5069 is:
> . . . indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law.

CP at 29 (emphasis added). The body of the application for the writ referenced the judgment creditor in the singular without any name of the judgment creditor. CP 29.

The Spokane County Superior Court judge and clerk approved the writ on October 2, 2020. The writ of garnishment named both DynaColor and Warren Chen as the judgment debtors.

Judgment creditors mailed the garnishment pleadings to PC Open on October 6, 2020. On the same day, judgment creditors sent the writ of garnishment, application for

7

writ of garnishment, and a notice of garnishment and of your rights to "DynaColor, Inc., attn.: Warren Chen." The address, to which judgment creditors sent the pleadings to DynaColor was "DynaColor, Inc., attn.: Warren Chen, 116 Jou Tz Street, Neihu, Taipei 114, Taiwan, R.O.C. [Republic of China]. This address matched the address listed on DynaColor's invoices to PC Open. Warren Chen admitted receiving a mailing, but insisted he only received a document with the heading "Notice of Garnishment and of Your Rights." CP at 39, 87 (some capitalization omitted).

On October 29, 2020, PC Open answered the writ of garnishment. In section II of the answer, PC Open wrote that it owed zero dollars to DynaColor, but added in parentheses "see explanation below." CP at 35. The last portion of the printed form answer instructed the garnishee to "Use this space to list all of defendant's property or effects in your possession or control or to explain any uncertainty about your answer." CP at 36. PC Open explained in this space below:

> PC Open, Inc. purchases commercial goods from [DynaColor] on ordinary commercial terms. At the time of service of the Writ of Garnishment, PC Open had already purchased goods in the following amounts, with payment due on the following dates, totaling $202,127.50. All payment due dates post-date the date of service of the Writ of Garnishment.

| Invoice Date | Payment Due | Invoice Amount |
|---|---|---|
| 8/28/20 | 10/24/20 | $ 4,910.00 |
| 8/31/20 | 10/27/20 | $ 24,000.00 |
| 8/31/20 | 11/11/20 | $128,870.00 |
| 9/29/20 | 12/10/20 | $ 1,147.50 |
| 9/30/20 | 11/26/20 | $ 43,200.00 |

8

CP at 36. We note that the payment due dates are less than the seventy-five days

from receipt of the invoice mentioned in the manufacturer's agreement, but

DynaColor does not raise any error based on this discrepancy. The answer to the

writ did not disclose the date that PC Open received the garnishment pleadings.

On November 18, 2020, DynaColor moved the superior court to quash the writ of

garnishment or stay the garnishment proceedings. On November 30, 2020 as part of its

opposition to the motion to quash, judgment creditors submitted an affidavit of mailing

from a legal assistant that declared:

> On October 6, 2020, I mailed the following documents/items via
> certified mail, return receipt requested, to DynaColor, Inc., attn.: Warren
> Chen, 116 Jou Tz Street, Neihu, Taipei 114, Taiwan, R.O.C.:
> 1. Writ of Garnishment (Debts Other Than Earnings—After
> Judgment);
> 2. Application for Writ of Garnishment;
> 3. Notice of Garnishment and of Your Rights.

CP at 127-28. On that same date, the judgment creditors submitted a proposed judgment

and order to pay.

On December 4, 2020, the superior court conducted a hearing on DynaColor's

motion to quash the garnishment. The superior court denied the motion. The judgment

creditors' counsel proposed, at the conclusion of the hearing, to prepare an order,

stipulated to by PC Open, directing PC Open to pay the amounts owed to DynaColor into

the registry of the court. The court signed no order on December 4.

On December 9, 2020, the superior court signed a stipulated order signed by PC

Open and the judgment creditors. The judgment creditors gave no advance notice to

DynaColor of the presentment of the stipulated order to the superior court. The order

directed PC Open to tender the sum of $202,127.50 to the court registry.

DynaColor moved to vacate the stipulated order and to quash the garnishment. On

December 21, 2020, the superior court entered an order denying DynaColor's motion to

quash the writ of garnishment or to stay garnishment proceedings. The latter order

included findings of fact, which declared:

> 4. In execution on the foregoing Judgment, on October 1, 2020, Plaintiffs' Counsel issued a Writ of Garnishment to PC Open, Inc., as Garnishee.
> 5. On October 6, 2020, true and correct copies of the Writ of Garnishment, the Application for Writ of Garnishment, and a Notice of Garnishment and Your Rights were mailed via certified mail to Defendant DynaColor, Inc., Attn: Warren Chen., at DynaColor, Inc., last known address. Affidavit of Mailing, filed Nov. 30, 2020. Defendant Warren Chen admits receiving this mailing and notice of the Garnishment.
> . . . .
> 8. PC Open, Inc.'s sworn Answer to the Writ of Garnishment . . . states that on the date Plaintiffs' Writ of Garnishment was served on PC Open, Inc., PC Open, Inc. was indebted to Defendant DynaColor, Inc., in the total amount of $202,127.50, for goods already purchased from DynaColor, Inc.

CP at 185-86. The order added as conclusions of law:

> 9. The Writ of Garnishment was properly issued to and served on PC Open, Inc. on behalf of Plaintiffs. RCW 6.27 does not require the individual plaintiffs to obtain and separate writs of garnishment where they are parties to a single judgment. Nor is there any obligation for individual

10

judgment creditors under a common judgment to disclose their agreement, if any, to allocate any amounts recovered from a Garnishee.

10. Plaintiffs properly sent Notice of the Writ of Garnishment to Defendant DynaColor, Inc., as required by RCW 6.27.130.

11. PC Open, Inc.'s Answer to the Writ of Garnishment did not need to be controverted by Plaintiffs.

12. The amount of PC Open, Inc.'s debt to DynaColor, Inc. on the date the Writ of Garnishment was served on PC Open, Inc., was not unliquidated or contingent.

13. Execution of the Foreign Judgment at issue in this action has not been stayed under Texas or Washington law. It is therefore entitled to full faith and credit and enforcement in this court, notwithstanding any pending appellate challenge.

14. The Court recognizes the stipulation announced and placed on the record at the hearing of this Motion by Plaintiffs and PC Open, Inc., that PC Open, Inc. may deposit the current amount of its debt to DynaColor, Inc., $202,127.50, into the Registry of the Court and thereby avoid entry of a judgment against PC Open, Inc.

CP at 186-87.

DynaColor appealed to this court. This court stayed the appeal pending the Texas Supreme Court's review of the underlying judgment. On May 27, 2022, the Texas high court reversed and remanded to the Texas Court of Appeals to consider the merits of the personal jurisdiction issue. *Chen v. Razberi Technologies, Inc.*, 645 S.W.3d 773, 783 (Tex. 2022). On remand, the Texas Court of Appeals approved personal jurisdiction over Warren Chen and DynaColor in six of the seven underlying counts. *Warren Chen & DynaColor, Inc. v. Razberi Technologies, Inc.*, 2022 WL 16757346, at *11 (Tex. Ct. App. Nov. 8, 2022) (unpublished). The ruling did not alter the judgments previously entered.

11

LAW AND ANALYSIS

On appeal, DynaColor asserts many picayune contentions and one central argument in an attempt to defeat judgment creditors' garnishment of the debt owed by PC Open to DynaColor. In forwarding these assertions, DynaColor assigns error to three superior court findings of fact and six conclusions of law. We do not discretely address each challenged finding or conclusion, but dispose of them indirectly in our opinion.

We organize DynaColor's assignments of error into a list of contentions based on chronological steps taken during the garnishment process. We address each contention separately.

1. The Texas judgment was not entitled to full and faith credit because of DynaColor's appeal of the Texas district court judgment.

2. The judgment creditors did not disclose all of their identities in the garnishment caption.

3. The application for writ of garnishment did not designate discrete amounts owed to the various judgment creditors.

4. Separate writs of garnishment should have been issued for each judgment creditor.

5. Discrete writs of garnishment should have been issued for each judgment debtor.

6. The judgment creditors sent notice of garnishment pleadings to Warren Chen, but not to DynaColor.

7. An affidavit of mailing failed to list the address of mailing as the last known address of DynaColor.

8.  An affidavit of mailing failed to attach the return receipt.

9.  The garnishment defendant answered the writ of garnishment by asserting that it owned DynaColor no money such that the judgment creditors needed to controvert PC Open's answer to the writ of garnishment.

10.  At the time of service of the writ of garnishment on the garnishment defendant, any debt to DynaColor was contingent and unliquidated.

11.  Without notice to DynaColor, the judgment creditors presented an ex parte stipulated order directing the garnishment defendant to pay $202,127.50 into the court registry.

We conflate some of these assignments of error in our analysis of the law. DynaColor asserts other piffling contentions that we jettison within one of the eleven major arguments.

## Full Faith and Credit

DynaColor argues that the Washington superior court should have refused to recognize the judgment entered by the Texas District Court because of the pending appeal of the judgment. DynaColor supplies little analysis to support this assignment of error. DynaColor cites no decision that holds a sister state need not enforce a judgment from another state if that judgment sits on appeal. DynaColor may intend merely to reserve rights in the event a Texas appellate court reverses the Texas District Court decision.

Enforcement by Washington courts of the Texas court judgment implicates the

United States Constitution's full faith and credit clause. Under U.S. Const. art. IV, § 1:

"full faith and credit shall be given in each state to the public acts, records, and judicial

proceedings of every other state." A Washington court must give full faith and credit to a

foreign judgment and regard the adjudged issues to be precluded. *OneWest Bank, FSB v.*

*Erickson*, 185 Wn.2d 43, 56, 367 P.3d 1063 (2016). A judgment in one state binds courts

of another state, despite the judgment being on appeal, as long as the judgment debtor

fails to supersede the judgment by filing a bond in satisfaction of the law of the judgment

state. *Maner v. Maner*, 412 F.2d 449, 450-51 (5th Cir. 1969).

In *Maner v. Maner*, the federal circuit court of appeals affirmed the district court's

enforcement of a Florida state court judgment despite its appeal since the judgment

debtor had failed to file a supersedeas bond in the Florida court. In *Little v. Stevens*, 23

Cal. App. 3d 112, 99 Cal. Rptr. 885 (1972), the California reviewing court affirmed the

superior court's enforcement of an Oklahoma judgment, despite the Oklahoma case being

on appeal. The California court needed to enforce the Oklahoma judgment, under the full

faith and credit clause, because the judgment debtor had failed to garner a stay of

judgment.

Because of the full faith and credit clause, Washington must enforce the Texas

District Court judgment regardless of any Washington statute. Still, a Washington

statute, RCW 6.36.045(1), governs the effect of an appeal from or stays of a foreign

judgment and corroborates the legitimacy of the Washington superior court's ruling.  The

statute declares:

> (a) If the judgment debtor shows the superior court of any county
> that an appeal from the foreign judgment is pending or will be taken, or that
> a stay of execution has been granted, the court shall stay enforcement of the
> foreign judgment until the appeal is concluded, the time for appeal expires,
> or the stay of execution expires or is vacated, *upon proof that the judgment
> debtor has furnished the security for the satisfaction of the judgment
> required by the state in which it was rendered.*
> (b) If the judgment debtor shows the superior court of any county
> any ground upon which enforcement of a judgment of a superior court of
> any county of this state would be stayed, the court shall stay enforcement of
> the foreign judgment for an appropriate period, *upon requiring the same
> security for satisfaction of the judgment which is required in this state.*

(Emphasis added.)

DynaColor has satisfied neither prong of RCW 6.36.045(1).  DynaColor has

furnished no security for the satisfaction of the judgment required by Texas law.

DynaColor has not demonstrated that it filed a bond in connection with the Texas appeal

as required by TEX. R. APP. PROC. 24.1 to supersede a trial court judgment.  DynaColor

has not demonstrated that the Texas appellate courts have stayed the District Court

judgment.  Texas trial court judgments are final and enforceable unless superseded or

stayed.  *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004).

### Identity of Judgment Creditors in the Garnishment Pleadings

DynaColor next complains that the application for writ of garnishment failed to

identify the name of the plaintiffs or judgment creditors seeking the writ.  RCW 6.27.060

governs an application for writ of garnishment.  The statute declares:

> The *judgment creditor* as the *plaintiff* or someone in the *judgment creditor's* behalf shall apply for a writ of garnishment by affidavit, stating the following facts: (1) The *plaintiff* has a judgment wholly or partially unsatisfied in the court from which the writ is sought; (2) *the amount* alleged to be due under the judgment; (3) *the plaintiff* has reason to believe, and does believe that the garnishee, stating the garnishee's name and residence or place of business, is indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law, or that the garnishee has possession or control of personal property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law; and (4) whether or not the garnishee is the employer of the judgment debtor.
> The *judgment creditor* shall pay to the clerk of the superior court the fee provided by RCW 36.18.016(6), or to the clerk of the district court the fee provided by RCW 3.62.060.

(Emphasis added.)

DynaColor emphasizes RCW 6.27.060's use of the singular form of "plaintiff" and "judgment creditor."  It asserts that the use of the singular form demands notice to the garnishee of the identity of each individual judgment creditor serving the garnishment and the sum due to each individual judgment creditor under the terms of the underlying judgment.  We question whether DynaColor possesses standing to assert this argument since DynaColor frames the rule as a protection of the garnishee defendant, not the judgment debtor.  We address the merits of the argument anyway and reject it.

Generally, courts should interpret statutes so that the singular form applies to the plural of persons and things.  RCW 1.12.050.  We agree with DynaColor that a contrary intention appearing on the face of a statute may defeat this general principle.  *Hinton v.*

16

*Johnson*, 87 Wn. App. 670, 675, 942 P.2d 1061 (1997). No such intention appears within the plain text of RCW 6.27.060, however. Thus, we read RCW 6.27.060 to allow a congregation of judgment creditors to apply for a garnishment in the singular as long as no party suffers from confusion.

DynaColor emphasizes two principles in arguing the judgment creditors flouted the requirements of RCW 6.27.060. First, garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute. *Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632, 640, 973 P.2d 1037 (1999). Second, we strictly construe the garnishment statute against the party seeking the remedy. *Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632, 646 (1999). We add a third rule of statutory construction more important to this appeal. We should be guided by reason and common sense. *Kelso v. City of Tacoma*, 63 Wn.2d 913, 917-18, 390 P.2d 2 (1964).

Garnishee defendant PC Open did not object to the failure of the writ of garnishment to individually name each judgment creditor. The garnishment imposed no burden on PC Open, as garnishee, to delineate a division of amounts paid under the garnishment between the various judgment creditors. Blameless and burdened PC Open needed only to identify the total sum in its control owing to the judgment debtor, DynaColor. PC Open suffered no prejudice by any omission of names of the judgment creditors.

We further observe that judgment creditors strictly followed the letter of RCW 6.27.060. The statute directs the "plaintiff" to apply for a writ of garnishment. The application filed by the judgment creditors used the term "plaintiff."

In a related argument, DynaColor contends that RCW 6.27.060 demands that the specific name of at least one of the judgment creditors or plaintiffs be mentioned in the body of the application for writ. We find no such language in the statute. The statute mentions only the use of the term "plaintiff."

In a second interacting contention, DynaColor complains that the Texas foreign judgment placed Razberi Technologies, Inc. in its caption with the addition of "et. al." The application in Washington Superior Court for filing a foreign judgment, the declaration regarding foreign judgment, and the notice for filing of foreign judgment all omit Razberi Technologies in their respective captions. DynaColor does not explain how this ostensible anomaly violates RCW 6.27.060. Although Razberi Technologies was a named plaintiff in the Texas suit, the District Court granted it no judgment. The final judgment attached to the Washington pleadings explained that only the preferred shareholders, named in the Washington Superior Court caption, obtained a judgment against DynaColor. Since DynaColor aggressively defended the Texas lawsuit and still challenges jurisdiction in the Texas courts, we doubt any apparent incongruity in the caption bewildered the Taiwan company.

Amounts Owed Discrete Judgment Creditors

DynaColor next complains that the application for writ of garnishment did not identify the isolated amounts owed to each judgment creditor. The caption of the application for writ named as the plaintiffs "LiveOak Venture Partners I, L.P., et. al." The body of the application only referenced "plaintiff" as the judgment creditor. The application did not mention amounts owed to various creditors, but did identify the total amount owed by DynaColor.

We respond with many of the same retorts to DynaColor's previous assignment of error. We should be guided by reason and common sense. We read RCW 6.27.060 to allow a congregation of judgment creditors in the same suit to apply for a garnishment in the singular without distinguishing amounts owed to each as long as no party suffers from confusion. The garnishment imposed no burden on PC Open, as garnishee, to delineate a division of amounts paid under the garnishment between the various judgment creditors. DynaColor seeks to unduly burden PC Open by demanding a response to the garnishment that included an allocation of amounts paid among the creditors. The judgment creditors strictly followed the letter of RCW 6.27.060 by only listing one "plaintiff" and one "amount." The statute requires the affidavit state only a single "amount alleged to be due under" a judgment.

Multiple Judgment Creditors and Debtors on One Writ

DynaColor broadens its attack on the garnishment pleadings and argues that each individual judgment creditor was required to file a single writ of garnishment against each of the two judgment debtors. DynaColor relatedly argues that, assuming all judgment creditors sought to benefit from the writ, each one must have filed a separate application and each have paid the fee owed to the clerk under RCW 36.18.016(6).

CR 20(a) permits joinder of multiple plaintiffs in a single action

> if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action.

Likewise, the plaintiff may join multiple parties as defendants if they are linked in the action. CR 20(a). Nothing in RCW 6.27.060 suggests an abrogation of the general rule allowing for joinder of related plaintiffs and defendants in a single garnishment action. DynaColor cites no case law that requires multiple judgment creditors in the same lawsuit to prepare separate garnishment pleadings.

DynaColor's contentions would have required at least ten garnishments, created unnecessary tasks and expense for PC Open, inundated DynaColor with pleadings, and crammed the superior court clerk's file with needless paperwork. Some reported cases entail a court needing to intervene when one garnishment defendant receives competing garnishments. *General Motors Acceptance Corp. v. Bank of Valdosta*, 31 Ga. App. 475,

120 S.E. 794 (1923); *North Shore Railroad Co. v. Pennsylvania Co.*, 70 Pa. Super. 405

(1918); *Brooks v. Ed Steves & Sons*, 191 S.W. 1166 (Tex. Civ. App. 1917); *Freeman v.

Miller*, 51 Tex. 443 (1879).  DynaColor's judgment debtors saved any headache for the

court and the parties to sort how to distribute funds.

In *L & R Exploration Venture v. CCG, LLC*, 2015 COA 49, 351 P.3d 569, 572

(Colo.), multiple judgment creditors served a writ of garnishment on a bank.  The

decision does not address whether judgment creditors in the same suit may collectively

send one garnishment, but the decision refers only to a singular garnishment.  The court

caption listed twenty-six plaintiffs or judgment creditors.

Mailing Only to Chen

DynaColor asserts that the judgment creditors sent notice of the writ of

garnishment only to Warren Chen.  DynaColor impliedly argues that failure of notice to it

invalidated the garnishment.  We disagree with DynaColor's factual premise.

RCW 6.27.130 reads:

> (1) When a writ is issued under a judgment, on or before the date of
> service of the writ on the garnishee, the judgment creditor shall mail or
> cause to be mailed to the judgment debtor, by certified mail, addressed to
> the *last known post office address* of the judgment debtor, (a) a copy of the
> writ and a copy of the judgment creditor's affidavit submitted in application
> for the writ, and (b) if the judgment debtor is an individual, the notice and
> claim form prescribed in RCW 6.27.140. . . .
> (2) The requirements of this section *shall not be jurisdictional*, but
> (a) no disbursement order or judgment against the garnishee defendant shall
> be entered unless there is on file the return or affidavit of service or mailing
> required by subsection (3) of this section, and (b) if the copies of the writ

21

and judgment or affidavit, and the notice and claim form if the defendant is an individual, are not mailed or served as herein provided, or if any irregularity appears with respect to the mailing or service, the court, in its discretion, on motion of the judgment debtor promptly made and supported by affidavit showing that the judgment debtor *has suffered substantial injury* from the plaintiff's failure to mail or otherwise to serve such copies, may set aside the garnishment and award to the judgment debtor an amount equal to the damages suffered because of such failure.

(3) . . . If service on the judgment debtor is made by mail, the person making the mailing shall file an affidavit including the same information as required for return on service and, in addition, showing the address of the mailing and *attaching the return receipt* or the mailing should it be returned to the sender as undeliverable.

(Emphasis added.) RCW 6.27.140 gives notice to an individual of exemptions and how to exercise the rights.

A November 30, 2020 affidavit of mailing shows that judgment creditors mailed the garnishment papers to "DynaColor, Inc., attn.: Warren Chen, 116 Jou Tz Street, Neihu, Taipei 114, Taiwan, R.O.C." When one sends a notice to a company through the attention of one of its agents, the party effectively sends notice to the company, not simply to the agent. Chen serves as the chief agent of DynaColor. DynaColor used this Taipei address as its business address.

DynaColor reasons that the judgment creditors intended only to send notice of the garnishment to Warren Chen since the creditors included a notice of rights for an individual debtor in the mailing. We fault this reasoning. Warren Chen was also a judgment debtor subject to the garnishment. A judgment creditor may always add unneeded pleadings in the mailing.

22

Affidavit of Mailing

The judgment creditors' affidavit of mailing identified DynaColor's Republic of China address as the destination of the garnishment mailing, but did not expressly state that the address was the last known address of DynaColor. DynaColor argues that the affidavit should have averred on its face that the mailing was made to the "last known address" of DynaColor.

RCW 6.27.130 requires mailing to a judgment debtor's last known address. Nevertheless, the statute does not require that the affidavit of mailing proclaim that the mailing was sent to the last known address of the judgment debtor. DynaColor did not dispute the accuracy of the address before the trial court, nor does it now on appeal.

Finally, DynaColor relatedly argues that the affidavit did not contain a return receipt. RCW 6.27.130(3) requires that an affidavit of mailing include attachment of "the return receipt or the mailing should it be returned to the sender as undeliverable." The judgment creditors concede that they did not attach a return receipt or the mailing, because the mailing was successfully delivered. Warren Chen admitted to receiving the mailing. The judgment creditors were not required to attach a return receipt for a mailing that was not returned.

DynaColor failed to demonstrate prejudice from any alleged failure of mailing, defect in the affidavit of mailing, or failure to attach the return receipt to the affidavit of mailing. For the judgment debtor to quash the garnishment on a failure to mail, the

23

debtor must show it "suffered substantial injury from the plaintiff's failure to mail or otherwise to serve such copies." RCW 6.27.130(2)(b). Although Warren Chen argued that he received an irregular mailing in a declaration, he did not allege substantial injury or damages suffered. DynaColor inserted itself into these proceedings, which shows knowledge of the garnishment action.

Need for Controversion

DynaColor highlights that PC Open, in its answer to the garnishment, declared that it owed DynaColor no money. From this reading of the answer, DynaColor contends the judgment creditors needed to file a controversion in order to garner an order to pay any funds.

DynaColor looks into a crowd and only sees its one friend. Other parts of the answer established that PC Open owed $202,127.50 to DynaColor and that PC Open withheld this money from DynaColor as a result of the garnishment. PC Open attached invoices that confirmed the debt.

RCW 6.27.240 mentions the possibility that a judgment creditor may controvert the response of a garnishee to a writ of garnishment:

> *If it appears* from the answer of the garnishee that the garnishee was *not indebted* to the defendant when the writ of garnishment was served, and that the garnishee did not have possession or control of any personal property or effects of the defendant, and if an affidavit controverting the answer of the garnishee is not filed within twenty days of the filing of the answer, as provided in this chapter, the garnishee shall stand discharged

24

> without further action by the court or the garnishee and shall have no further liability.

(Emphasis added.) After reading the answer as a whole, it appeared that PC Open owed DynaColor money.

### Contingent and Unliquidated Debt

DynaColor argues that debts owed by PC Open were unliquidated and contingent, at the time of service of the writ of garnishment, for three reasons. First, under the parties' contract, PC Open did not need to pay for goods until seventy-five days after receipt of an invoice. Second, PC Open enjoyed the right to reject nonconforming goods within thirty days of receipt of the products. Third, DynaColor held warranty obligations long after delivery of the goods. Going further, DynaColor contends the contingent and unliquidated nature of the debt frees the debt from the garnishment process. DynaColor even argues that a contingent debt is not a debt. We conclude that none of the debt possesses a contingent or unliquidated character, but rule that, regardless, RCW 6.27.250(2) allows garnishment of the sums owed by PC Open.

DynaColor correctly distinguishes between an unliquidated debt and a contingent debt. But then it fails to analyze the two separately. A contingent liability is one that hinges on some independent event. 6 AM. JUR. 2D *Attachment & Garnishment* § 41 (2022). A debt is liquidated when it is certain as to amount due by agreement of parties. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1002 (9th Cir. 2002).

25

We agree with DynaColor that caselaw holds that claims for unliquidated damages cannot be reached by garnishment proceedings. *United Pacific Insurance Co. v. Lundstrom*, 77 Wn.2d 162, 172, 459 P.2d 930 (1969). For example, the rule prevents garnishment of a legal claim or verdict that has yet to be reduced to a judgment for a sum certain. *United Pacific Insurance Co. v. Lundstrom*, 77 Wn.2d 162, 172-73 (1969); *Sundberg v. Boeing Airplane Co.*, 52 Wn.2d 734, 737-38, 328 P.2d 692 (1958); *Bassett v. McCarty*, 3 Wn.2d 488, 495-98, 101 P.2d 575 (1940); *Boundary Dam Constructors v. Lawco Contractors, Inc.*, 9 Wn. App. 21, 26-29, 510 P.2d 1176 (1973).

Similarly, some cases hold that a debt contingent on a yet-unfulfilled condition cannot be subjected to garnishment. For instance, a judgment creditor cannot reach the cash surrender value of an insurance policy when the judgment debtor has not exercised the surrender option. *Pick v. Pick*, 54 Wn.2d 772, 774, 345 P.2d 181 (1959). A judgment creditor may not recover from a covenant to pay rent at a stated future time, because the rent may never come due. *Barkley v. Kerfoot*, 77 Wash. 556, 557-58, 137 P. 1046 (1914). The tenant could vacate the premises.

DynaColor fails to explain why a debt owed seventy-five days after invoicing, a debt based on products that can be rejected within thirty days if nonconforming to specifications, or goods under warranty create either an unliquidated or contingent debt. By the date of the garnishment, PC Open had already received some of the goods. Although DynaColor contends that PC Open still had not received all goods, DynaColor

26

had sent invoices for the remaining goods. DynaColor does not contend the goods had yet to be shipped from Taiwan. PC Open had ordered the goods and was obligated to receive and pay for the goods. The parties agreed to a price for the goods.

DynaColor cites no case law that holds a debt payable in the future or a debt subject to cancellation, if the goods are nonconforming, are unliquidated or contingent debts. The moneys owed from PC Open to DynaColor arose under a sales contract and had no relation to a pending legal claim for damages. The conformity of the goods to specifications was not a condition to payment under the parties' agreement. Instead, if the goods were nonconforming, PC Open was obligated to accept a substitute delivery. PC Open was not excused from payment.

Generally, the debt must be owed as of the date of the service of the writ of garnishment. RCW 6.27.120; RCW 6.27.190. Nevertheless, if the debt is not yet matured at the time the garnishee defendant answers, the garnishee is not excused from responding that no debt is owed and the judgment debtor does not escape the garnishment of funds owed to it. RCW 6.27.250(2) declares:

> If it shall appear from the answer of the garnishee and the same is not controverted, or if it shall appear from the hearing or trial on controversion or by stipulation of the parties that the garnishee is indebted to the principal defendant in any sum, but that such indebtedness is not matured and is not due and payable, and if the required return or affidavit showing service on or mailing to the defendant is on file, the court shall make an order requiring the garnishee to pay such sum into court when the same becomes due, the date when such payment is to be made to be specified in the order, and in default thereof that judgment shall be entered

against the garnishee for the amount of such indebtedness so admitted or
found due. In case the garnishee pays the sum at the time specified in the
order, the payment shall operate as a discharge, otherwise judgment shall
be entered against the garnishee for the amount of such indebtedness, which
judgment shall have the same force and effect, and be enforced in the same
manner as other judgments entered against garnishees as provided in this
chapter.

Under RCW 6.27.250, a debt is not rendered contingent merely because the debt is

not due at the time the writ of garnishment is served. *Gunn v. Manthou*, 138 Wash. 96,

99, 244 P. 133 (1926). The debt owed on a promissory note that was not yet due at the

time the writ of garnishment was served was nevertheless subject to garnishment. *Gunn

v. Manthou*, 138 Wash. 96, 99 (1926). When a real estate purchase contract provided that

payments were to be made in annual installments, the annual installment payments could

be garnished. *Sisson v. Durrant*, 152 Wash. 382, 382-87, 278 P. 174 (1929).

DynaColor contends that the judgment creditors failed to follow the procedures of

RCW 6.27.250(2) in order to capture payments owed in the future. The statutory

subsection mentions no procedure required in addition to service of the writ of

garnishment. DynaColor identifies no procedure that its judgment creditors failed to

execute.

DynaColor cites *James v. Ward*, 6 Wn. App. 915, 918, 496 P.2d 555 (1972) for the

proposition that, if the debtor cannot recover against the garnishee, then the garnishing

creditor cannot. Nevertheless, this rule does not state that the debtor must be able to sue

to collect on the date of service of the writ of garnishment. The case does not address the application of RCW 6.27.250.

RCW 6.27.250 affords a workable garnishment process as illustrated by a hypothetical. Assume Mary owes Kayla $5,000 payable on December 25. Lucia possesses a judgment against Mary for $6,000. On what date and at what time must Lucia serve a writ of garnishment on Mary? If Lucia serves the garnishment on December 24, the garnishment lacks effect under DynaColor's argument, because the debt was not owed on that date. If Lucia serves the garnishment at 10 a.m. on December 25, Lucia may discover that Mary paid Kayla the debt at 9:30 a.m. Or Kayla could have approached Mary on December 24 and reached an agreement that Mary need only pay $4,990 in exchange for a payment on Christmas Eve. Such an agreement could avoid any garnishment. The law must commonsensically allow the garnishment of a debt. For practicality's sake, the judgment creditor must serve the writ of garnishment on the garnishee defendant before payment is due or else the garnishee can pay the judgment debtor before service of the writ.

We question whether DynaColor even has standing to claim PC Open did not owe it any sum. The purchaser of DynaColor products never claimed any defects in the product. It conceded to the amount owed. We note the irony of DynaColor contending the debt owed to it by PC Open is unliquidated and contingent. DynaColor does not

29

concede that the price it invoiced PC Open is subject to change. DynaColor does not

suggest that it sells defective products.

Premature Pay Order

DynaColor complains that the judgment creditors sought an order for PC Open to

pay without giving DynaColor five days' notice of the intent to seek an order. On

November 30, 2020, the judgment creditors filed a response to DynaColor's motion to

quash the garnishment with a proposed order to pay. DynaColor had scheduled a hearing

on its motion to quash for December 4. Therefore, DynaColor only received four days'

notice contrary the necessary five days' notice for a motion as demanded by CR 6(d).

DynaColor also contends the judgment creditors' request was procedurally improper as it

was not brought by motion.

We reject this assignment of error for three reasons. First, the request for an order

to pay formed a mirror image to DynaColor's motion to quash the garnishment. Second,

the superior court did not sign the judgment creditors' order to pay on December 4.

Third, DynaColor did not object at the December 4 hearing to any late notice.

Entry of an order for the garnishee defendant to pay to the court registry naturally

followed from the superior court's refusal of DynaColor's motion to quash the

garnishment. The five days' notice rule affords the opposing party sufficient time to

respond to a motion. Because the order to pay functioned as a response to DynaColor's

motion, DynaColor did not need five days to respond. DynaColor had already filed

30

sufficient pleadings in opposition to the request for an order to pay. DynaColor identifies

no prejudice it suffered by reason of the judgment creditors seeking an order to pay on

December 4.

The superior court signed no order to pay on December 4. The court signed no

order until December 9, more than five days after DynaColor received the first proposed

order to pay.

DynaColor also fails to identify where, if anywhere, in the record it objected to

any late notice to an order to pay. A party who received notice of a hearing on a motion,

when the notice did not comply with time requirement of CR 6(d), waives the defect

when it did not request continuance and did not raise issue of adequate notice at the

hearing. *Rivard v. Rivard*, 75 Wn.2d 415, 420, 451 P.2d 677 (1969).

Notice of Application for Order

Related to the argument that the judgment creditors failed to give five days' notice

of its intent to obtain an order to pay at the December 4 hearing, DynaColor argues that

the judgment creditors failed to file a motion for entry of the stipulated order with PC

Open that the superior court later signed on December 9. Thus, according to DynaColor,

the judgment creditors failed to afford DynaColor notice and an opportunity to be heard

before the entry of the order. We disagree that the judgment creditors needed to supply

additional notice.

DynaColor knew that judgment creditors would seek an order for payment by reason of DynaColor's receipt of the writ of garnishment and by reason of comments during the December 4 hearing. In response to DynaColor's motion to quash the garnishment, the judgment creditors submitted a proposed order more substantial than the order later signed by the superior court.

Consistent with the garnishment statutes, DynaColor filed extensive objections in controversion of PC Open's answer to the writ. The superior court's denial of DynaColor's objections ended DynaColor's involvement in the proceedings as the judgment debtor. The remainder of the proceedings concerned only the judgment creditors and PC Open as the garnishee.

DynaColor suffered no prejudice by the lack of notice. It presented all the arguments it wished. The judgment creditors afforded DynaColor an opportunity to object to an even later extensive order that included findings of fact and conclusions of law.

## CONCLUSION

We affirm the superior court's order denying DynaColor's motion to quash the garnishment served on PC Open and the superior court's order directing PC Open to pay the invoices due to DynaColor.

No. 37949-3-III
*Liveoak Venture Partners I, LP v. DynaColor, Inc.* (I)

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.